STATE OF IOWA, Appellee, v. L. W. SCOTT, Appellant.

**Receiving stolen property:** EVIDENCE. The evidence on a prosecution for receiving stolen property is held sufficient to sustain a verdict of guilty.

**Same.** Evidence of other thefts than the one in question, from the same location, following each other in close connection and with a delivery of all the property to the same person, indicates a guilty knowledge and purpose on the part of every member of the combination; but if improperly admitted as against the person charged with having received the stolen property, as in the instant case, the error was cured by its withdrawal.

Same: LARCENY: ACCOMPLICE. The theft of property and its re-
3   ceipt by another knowing it to be stolen are distinct offenses,
and without more neither party is an accomplice of the other.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

TUESDAY, NOVEMBER 12, 1907.

REHEARING DENIED, MONDAY, JANUARY 20, 1908.

THE defendant was indicted upon the charge of receiv-
ing stolen property. There was a verdict of guilty, and
from a judgment rendered thereon he has appealed to this
court.— *Affirmed.*

*John Newburn* and *J. D. Wallingford,* for appellant.

*H. W. Byers, Attorney General,* and *Chas. W. Lyon,
Assistant Attorney General,* for the State.

WEAVER, C. J.— But three errors are assigned as
grounds for a reversal of the judgment appealed from, and
these we will consider in the order stated by counsel in their
brief.

I.   Appellant questions the sufficiency of the evidence
to sustain a verdict of guilty. We are quite clear that the
point is not well taken. Without going into minute details,
we will say the evidence tends to show that
at the date of the alleged offense the appel-
lant was, and for some time had been a saloon
keeper in the city of Des Moines. Among his customers
were Datus Bucher and David Bucher, brothers, who were
employés of the Hawkeye Transfer Company, a concern en-
gaged in the business of storing, transferring, and shipping
various kinds of merchandise, including stoves and farm
machinery and utensils. In the fall of the year 1905, the
Buchers stole from the warehouse of their employer a sulky

1. RECEIVING
STOLEN
PROPERTY:
evidence.

plow, which they sold to the appellant at about one-half its fair retail value. Later, the appellant sold the plow to a farmer, in whose possession it was found and restored to the Hawkeye Transfer Company. If the testimony of the Buchers is to be believed — and their credibility was for the jury to determine — there is not the slightest doubt that the appellant received the plow knowing it to have been stolen. Moreover, he himself admits that he knew the plow was delivered to him from the warehouse of the transfer company, but seeks to avoid the unfavorable inference to be derived from this fact by the claim that one of the Buchers represented that he was authorized to sell the plow for storage charges. The weight to be given to this explanation was also for the jury, and, in view of all the conceded circumstances of the case, it is not at all strange that they refused to credit it.

II.  The case against the appellant was further strengthened by proof that from time to time during a comparatively brief period, including the date of the theft of the plow, the Buchers had sold and delivered to the appellant other articles of farm machinery, a range, and several heating stoves, all of which were stolen from the same warehouse and purchased by appellant for much less than their real value. Some of these matters occurred after the transaction with reference to the plow first mentioned, but the testimony as to these subsequent acts was withdrawn from the jury by order of the trial court. It is argued by counsel that the introduction of this evidence was error of such prejudicial character that it could not be cured by an order withdrawing it from the consideration of the jury. We think otherwise. In the first place, we are not convinced that there was any error in the admission of the testimony originally. The several acts following each other in close connection, all the thefts being by the same persons, from the same warehouse and the plunder delivered to the same person, have a very legitimate tendency to show a course

2. SAME.

of conduct indicating guilty knowledge and guilty purpose on the part of every member of the combination.    If the ruling of the trial court withdrawing a part of the evidence was erroneous, it was error of which the accused cannot complain.    *State v. Jacob,* 30 S. C., 131 (8 S. E., 698, 14 Am. St. Rep., 897); *Commonwealth v. Johnson,* 133 Pa., 293 (19 Atl., 402); *Copperman v. People,* 56 N. Y., 591; *People v. Rando,* 3 Parker, Cr. R. (N. Y.), 335.    And, in any event, the error, if any, was sufficiently cured by the withdrawal and by the court's instruction.

III.    Error is further assigned upon the failure of the court to instruct the jury that the Buchers were accomplices in the alleged offense, and that a conviction could not be had on their uncorroborated testimony.    The proposition is without merit.    The thief who steals property, and the person who afterwards receives it from him, knowing it to be stolen, are guilty of separate and distinct offenses, and, unless more than this be shown, neither is an accomplice in the offense of the other.    This would seem too clear to require illustration or argument.    Counsel cite us no authority which is in point with their contention, and we think none can be found.

3. SAME: larceny: accomplice.

We find no error in the record.

The appellant has had a fair trial, and the judgment of the district court is *affirmed.*