STATE v. BEN GORDON.[1]

July 31, 1908.

Nos. 15,702—(24).

**Receiving Stolen Goods—Burden of Proof.**

To sustain a conviction on an indictment for buying and receiving stolen goods, the state must bear the burden of showing that defendant bought the property described, that the property received was stolen, and that the defendant knew it to be stolen when he bought it.

**Testimony of Accomplice.**

A conviction cannot be had upon the testimony of an accomplice, unless sufficiently corroborated. Section 4744, R. L. 1905.

**What Constitutes an Accomplice.**

The general test to determine whether a witness is or is not an accomplice is, could he himself have been indicted for the offense, either as principal or accessory? If he could not, then he is not an accomplice. State v. Durnam, 73 Minn. 150, 165, followed and applied.

[1] Reported in 117 N. W. 483.

**Evidence—Guilty Knowledge.**

Guilty knowledge on the part of the accused need not be directly proved. It may be shown by circumstances. In determining whether the fact existed, the jury will be justified in presuming that the accused acted rationally, and that whatever would have conveyed knowledge or induced the belief in the mind of a reasonable person would, in the absence of countervailing evidence, be sufficient to apprise the prisoner of the like fact and to induce in his mind the like impression and belief.

**Same.**

The fact that property was taken to the accused at an unusual hour of the night is a circumstance indicating guilty knowledge.

**Same.**

The evidence in this case is *held* sufficient to sustain the conviction of the defendant for having received copper wire from two boys who stole it.

Defendant was convicted in the district court for Hennepin county of the crime of receiving stolen goods. From an order, Frederick V. Brown, J., denying his motion to grant a new trial, defendant appealed. Affirmed.

Appellant was indicted for buying and receiving from Brooks and Burton copper wire of the value of $30, knowing the same to have been stolen. On trial these eighteen-year old boys appeared as witnesses for the state, testifying that they took from an open platform of the Twin City Rapid Transit Company five coils of copper wire. On the following evening, between seven and eight o'clock, they carried the coils of wire to the back yard of defendant. Defendant examined the wire, but refused to buy it, except at his shop. The boys threw the wire into defendant's wagon in the yard. At their request he took it to his shop the next day. The next morning the boys called at the shop, weighed the copper, and sold it to him. Two or three days before the sale they asked if he would buy copper wire scrap. He said he would buy it, if he saw it. He refused to go to Hopkins to get it. He said something about looking out for the policeman. Both boys testified that they did not tell defendant that the wire was stolen. The officer who took the boys into custody on the next day went with one of the witnesses on trial to defendant's shop. Defendant denied having any wire, or having bought any within the last six months. "He

denied buying any copper wire until we got him in front of these boys, and afterwards he admitted it to the county attorney." He admitted the purchase. Subsequently wire was found in defendant's place. There was controversy as to the identity of the wire. This appeal was taken from an order denying defendant's motion to set aside the verdict of guilty and to grant a new trial.

*Geo. Harold Smith, F. H. Morrill* and *A. B. Jackson,* for appellant.

*Edward T. Young,* Attorney General, *Charles S. Jelley,* Assistant Attorney General, and *Al. J. Smith,* County Attorney, for the state.

JAGGARD, J. (after stating the facts as above).

The pivotal question is whether the court properly received the testimony of the boys, Brooks and Burton.

The offense charged consists of three factors, each of which must be proven beyond a reasonable doubt by competent evidence, and not alone on the uncorroborated testimony of accomplices (section 4744, R. L. 1905), to sustain a conviction: First, that defendant bought the property described; second, that the property bought was stolen; third, that defendant knew it to be stolen when he bought it. The first of these factors is admitted. Whether the state sufficiently bore the burden of proving the other two factors depends primarily upon the legal propriety of the admission by the trial court of the evidence of the boys, Brooks and Burton. The defendant insists that they were accomplices, that their testimony was uncorroborated, and that therefore the conviction could not stand. This position we regard as untenable. State v. Lawlor, 28 Minn. 216, 224, 9 N. W. 698, 702. "The general test to determine whether a witness is or is not an accomplice is, could he himself have been indicted for the offense either as principal or as accessory? If he could not, then he is not an accomplice." State v. Durnam, 73 Minn. 150, 165, 75 N. W. 1127. A person who steals property and one who afterwards receives it from him, knowing it to have been stolen, are guilty of separate offenses, and without more neither is an accomplice of the other. State v. Scott, 136 Iowa 152, 113 N. W. 758. And see Bieber v. State, 45 Ga. 569; Allison v. Com. 83 Ky. 254; Com. v. Barry, 116 Mass. 1; Levi v. State, 14 Neb. 1, 14 N. W. 543; People v. Ames, 39 Cal. 403; Montgomery v. State, 40 Ala. 684; Craft v. State, 3 Kan. 450.

Guilty knowledge on the part of the defendant was not directly proved. In the nature of things, that is ordinarily impossible; nor is it necessary. The circumstances accompanying the transaction may justify the inference by the jury that the prisoner believed, and had received the goods on belief, that they were stolen. 2 Bishop, Crim. Law, § 1138; 1 Wharton, Crim. Law, § 984; 24 Am. & Eng. Enc. (2d Ed.) 52. For in Huggins v. People, 135 Ill. 243, 25 N. E. 1002, 25 Am. St. 357, Shope, J., said: "If he [one charged with having received stolen goods] purchase or receive the goods with a belief that they are stolen, he will be held to have had that knowledge required by the statute. The knowledge of the prisoner, in this sense, is the gist of the offense, and must be found by the jury as a fact. In determining whether the fact existed, the jury will be justified in presuming that the prisoner acted rationally, and that whatever would convey knowledge or induce belief in the mind of a reasonable person, would, in the absence of countervailing evidence, be sufficient to apprise the prisoner of the like fact, or induce in his mind the like impression and belief." The remarks of Craig, C. J., in Friedberg v. People, 102 Ill. 160, at page 162 of 102 Ill., are peculiarly applicable to the facts in this case: "Had the goods been taken to the defendant in the daytime by a regular dealer in such goods, and sold for a fair valuation, the transaction could not be regarded as suspicious. But such was not the case. The property was taken to defendant at an unusual hour of the night." In this case we are of opinion that within these principles, the theft by Burton and Brooks and guilty knowledge of defendant, were sufficiently proven.

The other assignments of error relate to the cross-examination of the defendant as to a former conviction. The cases cited by appellant as to cross-examination concerning a former arrest only are clearly distinguishable. It is the settled law that on cross-examination a defendant may be impeached by questions as to a former conviction, and under the statute in this state the party cross-examining shall not be concluded by his answer thereto. Section 4780, R. L. 1905; State v. Quirk, 101 Minn. 334, 112 N. W. 409; Wigmore, Ev. § 1270.

Affirmed.