STATE OF IOWA, Appellee, v. M. FEINBERG, Appellant.

**Criminal law:** RECEIVING STOLEN PROPERTY: ACCOMPLICE. One who
1   steals property is not an accomplice in the crime of subsequently receiving the same.

**Same:** VALUE OF PROPERTY: EVIDENCE. On a prosecution for re-
2   ceiving stolen property its value is to be fixed with reference to the place where the same was received by the accused; but where the property is of a character that it has the same value throughout the judicial district, evidence of its value in a county other than that in which the trial is held is competent: In the instant case the evidence of value is held sufficient.

*Appeal from Polk District Court.—*HON. JESSE A. MILLER, Judge.

TUESDAY, JANUARY 11, 1910.

DEFENDANT was indicted, tried, and convicted of the crime of receiving stolen property, and he appeals. The jury found the value of the property to be more than $25.—*Affirmed.*

*M. H. Cohen,* for appellant.

*H. W. Byers,* Attorney-General, *Charles W. Lyon,* Assistant Attorney-General, and *Lawrence De Graff,* County Attorney, for the State.

DEEMER, C. J.—The stolen property consisted of certain furs or fur garments belonging to one J. A. Weber, and taken from his possession at the town of Neola in Pottawattamie County. According to the testimony, they were stolen by one James J. O'Brien, taken to Des Moines in Polk County, and there sold for a nominal sum to defendant, who was conducting a secondhand store in that city. The state relied almost entirely upon the testimony of the confessed thief, and it is contended that, as he was uncorroborated in any essential particular, there should have been no conviction. Our statute defining the crime reads as follows: "If any person buy, receive or aid in concealing any stolen money, goods or property the stealing of which is larceny, or property obtained by robbery or burglary, knowing the same to have been so obtained, he shall, when the value of the property so bought, received or concealed by him exceeds the sum of twenty dollars, be imprisoned in the penitentiary not more than five years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not more than one year; and when the value of the property so bought, received, or concealed by him does not exceed the sum of twenty dollars, be fined not exceeding one hundred dollars, or imprisoned

in the county jail not exceeding thirty. days." Code, section 4845.

It is the rule of this court that the thief is not an accomplice with the person who receives the stolen property. *State v. Hayden,* 45 Iowa, 11; *State v. Jones,* 115

1. CRIMINAL LAW: receiving stolen property: accomplice.

Iowa, 113; *State v. Scott,* 136 Iowa, 152. And such is the holding of other courts. *State v. Kuhlman,* 152 Mo. 100 (53 S. W. 416, 75 Am. St. Rep. 438).

The statute makes the value of the goods a material inquiry. As bearing upon this issue, the owner of the property testified, without objection, as follows: "I can't

2. SAME: value of property: evidence.

say for sure, but I would feel safe in saying there was somewhere between twenty and twenty-five furs. The furs ranged in price. Q. What was the value of these furs that were gone? A. Well, I think very close to the neighborhood of $250. The furs were all scarfs except one jacket." This witness lived at Neola, and was testifying at Des Moines, and there is no other showing as to what place he referred to in fixing the valuation. The only other testimony as to value is this: The party who stole the goods offered them to defendant for $25, but finally received $15 for them. The exact nature of the furs and garments does not appear, but we may well assume from the fact that defendant interposed no objection to the testimony that it was competent and had a material bearing upon the issue of value. Upon many items of personal property the value is practically the same in one locality as in another, and in very many instances the difference is simply in the cost of transportation. We may well assume that the prices on fur garments are practically the same at all places within this jurisdiction. In the instant case the stolen property was not recovered, and could not be produced at the trial. By not objecting to the testimony as to value it must be assumed that the witness was giving the value either at Des

Moines or at Neola, and that there was no difference, so far as this case was concerned, which locality was considered. It is a well-settled rule of law that if property has the same value everywhere within the jurisdiction of the court, evidence of its value outside of the county where stolen is competent. *Odell v. State,* 44 Tex. Cr. R. 307 (70 S. W. 964). See, also, *State v. Brown,* 55 Kan. 611 (40 Pac. 1001). The trial court properly instructed that the value was to be fixed with reference to the place where it was received by defendant, and the testimony offered was sufficient to establish that value.

There was sufficient testimony to support the verdict, although given by the thief himself. The weight and value of this testimony was manifestly for the jury.

·We find no error, and the judgment must be, and it is, *affirmed.*