STATE OF IOWA, Appellee, v. ANTON JACOBSON, Appellant.

CRIMINAL LAW: Former Jeopardy—Included Offenses—Rape and Las-
civious Acts With Child.  The offense of assault with intent to com-
mit lewd, immoral, and lascivious acts with a child, as defined by
Sec. 4938-a, Code Supp., 1913, is not an included offense in the
crime of assault with intent to rape.

*Appeal from Cerro Gordo District Court.*—M. H. KEPLER, Judge.

MARCH 11, 1924.

THE defendant was indicted for the crime of lewd, immoral,
and lascivious conduct with a child.  The jury returned a ver-
dict of guilty.—*Affirmed.*

*J. E. Williams,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *W. P. Butler,* and *R. P. Thompson,* for appellee.

FAVILLE, J.—On or about the 22d day of September, 1922, appellant herein was indicted by the grand jury of Cerro Gordo County for the offense of assault with intent to commit rape, it being charged that said offense was committed on or about the 10th of September, 1922. Upon trial on the said indictment, appellant was convicted of assault and battery, and was sentenced upon such conviction, and served his sentence.

On or about February 20, 1923, the grand jury of Cerro Gordo County returned an indictment accusing appellant of the crime of committing lewd, immoral, and lascivious acts upon and with the body of a certain child. Appellant interposed a plea of former jeopardy, because of the trial on the indictment charging appellant with the crime of assault with intent to commit rape. The question was preserved in various forms throughout the trial, and is squarely presented for our determination upon this appeal.

It is conceded by the State that the act charged to have been committed on the 10th of September, 1922, for which appellant was indicted for assault with intent to commit rape, was the same transaction for which appellant was indicted for the offense involved in this case. The question is whether or not a trial and conviction of assault and battery upon an indictment for assault with intent to commit rape, constitutes jeopardy so as to bar a subsequent prosecution for the crime of committing lewd, immoral, and lascivious acts with a child, where the two indictments refer to one and the same transaction.

It is a well established rule that, where the same transaction constitutes two separate and distinct criminal offenses, a conviction or acquittal of one is not a bar to a prosecution of the other. This has been held in a great variety of cases. For example: an acquittal under an indictment for larceny is not a bar to a prosecution for burglary or for breaking and entering with intent to commit larceny, although but one transaction is involved. *State v. Ingalls,* 98 Iowa 728.

So an acquittal of a charge of breaking and entering a

building is not a bar to a prosecution for feloniously receiving stolen property from said building by means of breaking and entering. *State v. Broderick,* 191 Iowa 717.

A person who keeps a place and intoxicating liquors therein in violation of one provision of the Code may also be held guilty of maintaining a nuisance under another provision of the statute. *State v. Johns,* 140 Iowa 125.

The conviction under a Federal statute for breaking and entering a post office is not a bar to a subsequent prosecution by the State for burglary under an indictment charging the same state of facts. *State v. Moore,* 143 Iowa 240.

An acquittal of the offense of uttering a forged instrument is not a bar to a prosecution for the forgery of said instrument. *State v. Blodgett,* 143 Iowa 578.

An indictment charging the maintenance of a liquor nuisance is not a bar to a subsequent indictment charging the offense of bootlegging, although the two indictments are predicated upon the same testimony and are provable by the same testimony, and none other. *State v. Cleaver,* 196 Iowa 1278.

The cases might be multiplied at length. A large number of illustrative cases are collected in 16 Corpus Juris 273.

The question as to what is the proper test for determining whether there has been former jeopardy is one that has frequently been before the courts. The rule now generally recognized is that, in order that the plea of former jeopardy may be available, it must appear that the two offenses are in substance the same, or of the same nature or same species, so that the evidence which proves the one would prove the other. If, however, an essential element of one offense is not necessarily present in the other, then there is no former jeopardy, although the same evidence may be offered to sustain the indictment in each case.

It is also a generally recognized rule that, where one crime is included in and forms a necessary part of another, and is in fact but a different degree of the same offense, and where, on a prosecution for the higher offense, a conviction may be had in such a case for the lower offense, then a conviction or acquittal of the higher offense will bar a prosecution of the lower offense. The converse of this rule is also recognized. *State v. Sampson,* 157 Iowa 257; *State v. Murray,* 55 Iowa 530; *State v. Gleason,*

56 Iowa 203; *State v. Mikesell,* 70 Iowa 176; *State v. Paul,* 81 Iowa 596.

The real question that confronts us in this case is whether or not the offense of committing lewd, immoral, and lascivious acts upon a child is included within the higher offense of assault with intent to commit rape.

The statute under which the former indictment was returned is Code Section 4769, and is as follows:

"If any person assault a female with intent to commit a rape, he shall be imprisoned in the penitentiary not exceeding twenty years."

The section under which the indictment in the instant case was returned is Code Supplement, 1913, Section 4938-a, and is as follows:

"Any person over eighteen years of age who shall willfully commit any lewd, immoral or lascivious act upon or with the body or any part or member thereof, of a child of the age of thirteen years, or under, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, shall be punished by imprisonment in the penitentiary not more than three years, or by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars."

Code Section 5407 is as follows:

"In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

In regard to sexual crimes, it has been held that a conviction or an acquittal of the charge of rape does not bar a prosecution for seduction. *Hall v. State,* 134 Ala. 90 (32 So. 750).

Nor is such acquittal or conviction a bar to prosecution for the offense of contributing to the immoral delinquency of a female. *State v. Rose,* 89 O. St. 383 (106 N. E. 50).

Nor is such former trial for rape a bar to a prosecution for unlawfully taking and detaining a woman with intent to have carnal knowledge of her. *State v. Oakes,* 202 Mo. 86 (100 S. W. 434).

A former acquittal of an attempt to commit rape is not a bar to a prosecution for an attempt to commit burglary for the

purpose of committing rape, involving the same offense. *Byas v. State,* 41 Tex. Cr. 51 (51 S. W. 923).

An acquittal of a charge of compelling defilement is not a bar to a prosecution for conspiracy to injure the person of the same woman, although both indictments rest on the same facts. *State v. Brown,* 95 Iowa 381.

For an exhaustive discussion of the question involved, see note to *People v. McDaniels,* 137 Cal. 192 (92 Am. St. 81).

Appellant places great reliance upon the case of *State v. Price,* 127 Iowa 301. In that case it appeared that the grand jury returned two indictments against the defendant, one for the crime of rape and the other for the crime of incest. In each indictment the defendant was charged with having intercourse with a stepdaughter under the age of consent. The charge of rape was tried first, and resulted in a verdict of acquittal. Upon trial of the charge of incest, the defendant pleaded the former acquittal in bar. We held that the effect of the allegation in the indictment for rape was that, within eighteen months prior to the time of the filing of the indictment, the defendant had had intercourse with the prosecutrix; that the verdict in the rape case acquitted him of that charge, and, unless he did have intercourse with her, he was not guilty of incest. We said:

"The two indictments cover the same period of time, and, while the offenses charged are not necessarily the same, they are of the same nature or species,—that is to say, are both sexual offenses,—and evidence which would prove the one would also prove the other. Identity of the transactions relied upon is not a proper test, for a single act or transaction may contain elements each of which are crimes under different statutes; and, as we have already seen, identity of charge is not the test. It is enough if an acquittal of one shows that the defendant could not have been guilty of the other."

We held that the plea of former jeopardy was good; that of necessity in that case the defendant could not be guilty of rape without being guilty of incest.

It is urged by appellant that the rule of the *Price* case must apply in the instant case; that the offense of committing lewd, immoral, and lascivious acts is included in the offense of assault with intent to commit rape; and that appellant could not be

guilty of the offense of assault with intent to commit rape without necessarily having been guilty in the same transaction of the offense of committing lewd, immoral, and lascivious acts.

This does not follow. The two crimes are entirely distinct in their character. By the language of the statute, the offense of assault with intent to commit rape can only be committed upon "a female," while the offense of committing lewd, immoral, and lascivious acts may be committed upon "any child." The latter section also provides that a person shall be guilty who commits any lewd, immoral, and lascivious act upon a child of thirteen years or under, with the intent of arousing, appealing to, or gratifying lust or passions or sexual desires of such person, *or of such child.* It is perfectly obvious from the reading of the statute that this offense may be committed without any assault with intent to commit rape. We discussed the questions herein involved somewhat in the case of *State v. Roby,* 194 Iowa 1032.

We hold that the offense of assault with intent to commit lewd, immoral, and lascivious acts, under Code Supplement, 1913, Section 4938-a, is not an included offense in the crime of assault upon a female with intent to commit rape, under Code Section 4769, and that an acquittal or conviction under an indictment charging assault with intent to commit rape does not necessarily bar a prosecution for lewd, immoral, and lascivious acts, even though the two indictments refer to the same transaction, and even though the evidence in the two cases be identical. Under the facts of this case, the plea of former jeopardy was not well taken.

The judgment of the district court is—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.