STATE OF IOWA, Appellee, v. J. E. WENKS, Appellant.

**CRIMINAL LAW: Evidence—Materiality in General—Evidence Wrong-**
1 **fully Obtained.** Evidence is not inadmissible because seized on a
   search warrant which was issued for the sole purpose of securing
   the evidence.

**SEARCHES AND SEIZURES: Failure to Receipt for Property—Effect.**
2 Failure of the officer executing a search warrant to receipt for the
   property seized has no bearing on the question whether the property
   is receivable in evidence in a prosecution against the party from
   whom taken.

**CRIMINAL LAW: Accomplices—Thief and Receiver of Stolen Prop-**
3 **erty.** A thief is not an accomplice of another in the receiving of
   the stolen property.

   **Headnote 1:** 16 C. J. p. 571 (Anno.)    **Headnote 2:** 16 C. J. p. 571
   (Anno.)    **Headnote 3:** 16 C. J. p. 683.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 10, 1925.

REHEARING DENIED OCTOBER 2, 1925.

THE defendant was indicted for receiving stolen property;
and upon trial was found guilty; and prosecutes this appeal.—
*Affirmed.*

*James W. Wilson,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

FAVILLE, C. J.—The defendant was the proprietor of a barber shop in the city of Des Moines. The Fitch Company is a manufacturer of barber supplies in the city of Des Moines. One Hutton was in the employ of the said Fitch Company, as shipping clerk. In June, 1921, a large quantity of the products of the Fitch Company was stolen by Hutton and delivered to appellant. Ninety full cases' and nine partly filled cases of certain tonics and other barber supplies were found on the premises occupied by appellant as his home. The value was shown to be about $1,300. Hutton was a witness in behalf of the State, and testified fully in regard to the transactions between him and appellant. It appears that Hutton caused the goods of the Fitch Company to be delivered to appellant's residence, and that he was reimbursed by appellant in an amount very substantially less than the value of the goods.

I. It is contended that the court erred in admitting in evidence the exhibits, being the stolen property, which were seized upon the premises of appellant. It is urged that the search warrant was issued for the mere purpose of obtaining evidence against appellant, and that the evidence so obtained cannot be used against him. Appellant's contention is fully answered by our recent decisions in *State v. Tonn,* 195 Iowa 94; *Joyner v. Utterback,* 196 Iowa 1040.

1. CRIMINAL LAW: evidence: materiality in general: evidence wrongfully obtained.

II. It is urged that the officers did not give appellant a receipt for the property that was taken under the search warrant, and that, because of the failure so to do, the exhibits were not admissible in evidence.

If it be conceded that it was the duty of the officers to give to the person having possession of the property a receipt for such property so taken under a search warrant, the failure so

**2. SEARCHES AND SEIZURES: failure to receipt for property: effect.** to do would not deprive the State of its evidence, nor render said property inadmissible in evidence merely because of the failure to execute such receipt. *State v. Tonn,* supra; *Joyner v. Utterback,* supra. See, however, Code of 1897, Section 5568 (Code of 1924, Section 13441).

III. Appellant contends that the witness Hutton, who stole the goods and caused them to be delivered to appellant, was the accomplice of appellant, and therefore the court should have instructed the jury that it was necessary that said accomplice be corroborated, in order to warrant a conviction.

It is the rule in this state that the thief who stole the property is not, under the statute involved in this indictment, the accomplice of the receiver of the stolen property, and that it is

**3. CRIMINAL LAW: accomplices: thief and receiver of stolen property.** not necessary that his testimony be corroborated, in order to sustain a conviction of the receiver. *State v. Scott,* 136 Iowa 152; *State v. Feinberg,* 145 Iowa 329; *State v. Boyd,* 195 Iowa 1091. Furthermore, it appears from the record in the case that there was sufficient evidence from which the jury might have found that the witness Hutton was corroborated.

IV. It is urged by appellant that the evidence is insufficient to sustain a conviction.

Appellant does not deny the possession of the stolen property, nor that he obtained the same from the witness Hutton. The only serious question for the determination of the jury in the case was whether or not appellant knew that the property had been stolen, and received it knowing it to be stolen property. Upon this question there was sufficient evidence, not only to take the case to the jury, but to sustain its finding that appellant had such guilty knowledge.

We find no error urged by appellant requiring a reversal of the judgment of the district court, and it must be, and therefore is,—*Affirmed.*

STEVENS, ARTHUR, and VERMILION, JJ., concur.