STATE OF IOWA, Appellee, v. ALVA WINTERS, Appellant.

No. 39633.

DECEMBER 13, 1929.

*E. S. Thayer,* for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

WAGNER, J.—Upon the trial of this case, the State introduced the testimony of two witnesses, Grunwalt and Blair, two confessed accomplices, and the court, in the instructions, told the jury that they were such. At the close of the State's evidence, the appellant moved for a directed verdict, upon the grounds that Grunwalt and Blair were accomplices, within the meaning of the law, and that the State has failed to corroborate their evidence by any other evidence which tends to connect the defendant with the commission of the offense, and that the corroboration offered is insufficient in that it does no more than to show the commission of the offense and the circumstances thereof. This motion was overruled, and was renewed at the close of all of the evidence, and again overruled. This ruling by the court presents the sole question for our determination. Section 13901 of the Code, 1927, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

We have had numerous occasions to construe the aforesaid section of the Code. The provisions thereof are plain and unambiguous. The testimony of an accomplice must be corroborated "by other evidence which shall tend to connect the defendant with the commission of the offense." Unless there is evidence other than that of the accomplice which can fairly be said to tend to connect the defendant with the commission of the offense, then a conviction cannot stand. The motion for a directed verdict, based upon the grounds urged by the defendant, presents a question of law, for the determination of the court. If there is no evidence other than that of the accomplice, tending to connect the defendant with the commission of the offense, then the overruling of a motion for a directed verdict, based upon said ground, constitutes reversible error. The foregoing statute provides that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. It is

the well established rule that the corroboration need not be of every ·material fact testified to by the accomplice, and that it is sufficient to meet the requirements of the aforesaid statute if the accomplice is corroborated in some material fact tending to connect the defendant with the commission of the offense, and that the corroborating testimony of an accomplice need not be direct, but may be circumstantial. See *State v. Christie,* 193 Iowa 482; *State v. Patten,* 191 Iowa 639; *State v. Gill,* 202 Iowa 242.

The State relies for the corroborating evidence upon the testimony given by two detectives of the city of Des Moines relative to interrogatories propounded by them to the defendant, after the arrest, and his answers thereto. The attorney-general, in his argument, concedes that the corroboration in this case "is scant." We have read and reread the testimony of said witnesses with care. In the answers given by the defendant to the ·interrogatories propounded by the detectives, there is neither admission nor implication of guilt. The testimony, as given by them, rather tends to establish defendant's innocence than that of guilt. We deem it unnecessary to prolong this opinion by setting it out. The record reveals no testimony other than that of the confessed accomplices which tends in the slightest degree to connect the defendant with the commission of the offense charged. It was, therefore, the duty of the trial court to sustain appellant's motion for a directed verdict; and for the error committed by the court in overruling said motion, the cause is hereby reversed.— *Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.