STATE OF IOWA, Appellee, v. LESTER SMITH, Appellant.

No. 42398.

OCTOBER 16, 1934.

. REHEARING DENIED MARCH 18, 1935.

Verne J. Schlegel and Jones & White, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, W. R. Fimmen and Hugh Guernsey, County Attorneys, for appellee.

ANDERSON, J.—This is an appeal from a conviction and judgment on a county attorney's information charging the crime of receiving stolen goods. The information charged that Glenn Burns and Leo Thompson stole from one Dick Wilson, a farmer in Appanoose county, nine sacks of clover seed of the value of $100, and that the defendant, Lester Smith, received said stolen property from Burns and Thompson in Davis county knowing that the same had been stolen and did knowingly and willfully take and keep said property. Burns and Thompson had been convicted of larceny in

Appanoose county and at the time of the instant trial were serving sentences in one of the state institutions. Both testify in the instant case that some time prior to the date of the larceny they had gone to the farm home of the defendant, Lester Smith, and negotiated with him for the sale to him of the clover seed which they intended to steal and agreed with him that they would deliver the clover seed to him and divide the proceeds with him. The record shows that on two or three trips to the Smith farm prior to the commission of the larceny, Thompson and Burns were accompanied by Russell Burns, a brother of Glenn Burns, but that he took no part either in the negotiations leading up to the larceny or in the larceny. The clover seed was stolen on the 29th day of July, 1933, between 9 and 10 o'clock in the evening, and taken to the farm home of the defendant, Smith. The testimony showing that, according to prior arrangements between the thieves and this defendant, the clover seed was to be placed in the defendant's granary in his barn, he having shown the thieves the location of such granary; that the defendant was not at home at the time the clover seed was delivered and deposited in his granary. The sheriffs of Appanoose and Davis counties being advised as to the larceny of the clover seed and the delivery of it to the defendant went to the home of the defendant and found the clover seed stored in the granary of the defendant. At the time the clover seed was so found, neither the defendant nor any member of his family was at home, but he was later found and arrested at the county fair in Bloomfield. The clover seed was identified by Wilson, the owner, who testified that the same had been stolen from him on or about the 29th day of July, 1933. There is ample evidence in the record to prove that the thieves were at the Smith farm home prior to the time of the larceny. A witness Orris Hopkins testified that he was at the defendant's home the latter part of July at a time when Glenn Burns and Leo Thompson drove into the Smith place. He did not know Thompson and Burns, but Smith, the defendant, called them by name. Russell Burns, a brother of Glenn, testified that he was with his brother and Thompson on some of the occasions when they visited the defendant's home prior to the larceny and heard some of the conversation in reference to the storing in the granary of the clover seed. At the time the defendant was arrested the sheriffs testified that the defendant asked them what he was arrested for, and that one of them told him, for the larceny of clover seed that was found in his granary, and the

defendant said, "There must be some mistake. There is no clover seed in my granary, or on my place." When asked by the sheriff how it happened that he did not know the clover seed was in the granary when there were several sacks of green corn in the granary between the door and the clover seed, the defendant then answered, "Wait a minute, I dumped two sacks of green corn in that granary this morning, is the only time I have had it open for weeks." On the trial the defendant's version of this conversation was that he admitted that the clover seed was in his granary but that he told the sheriff he did not know that he had any *stolen seed* in his granary. The defendant further testified upon the trial, and his wife and her sister testified to the same thing, that on or about the 8th of August, Leo Thompson and Glenn Burns and one other boy came to his home with nine sacks of clover seed and wanted to sell the same, and that the defendant finally decided to buy it, and that Mrs. Smith, the wife of the defendant, went into the house and secured $30 and gave it to Glenn Burns; and the defendant further testified that he bought the seed from Glenn Burns on August 8th, and that it was stored in his granary from that date until the 14th day of August. The defendant, Smith, was subsequently informed against and tried in Appanoose county for the larceny from a building in the nighttime of the clover seed in question, and was acquitted; and in the trial of the present case he filed a special plea of former jeopardy on account of his prior trial and acquittal of the crime of larceny from a building in the nighttime.

The state conceded the facts as contained in the special plea of former jeopardy and moved to withdraw from the consideration of the jury the defendant's plea of former jeopardy for the reason that the crime for which he was tried in Appanoose county, and the one with which he was charged in Davis county, were two separate and distinct offenses and neither was included in the other, and that the issue of former jeopardy was purely a question of law for the determination of the court. The trial court determined that the two crimes were separate and distinct and withdrew the defendant's plea of former jeopardy.

The foregoing is a brief statement of the condition of the record when motions for a directed verdict were submitted and overruled, and the case submitted to the jury resulting in a verdict of guilty from which this appeal is prosecuted.

I. ·The appellant prior to the trial of the instant case in Davis county filed a motion for a change of venue on the ground that prejudice existed against the defendant in that county, ·and that he could not obtain a fair trial therein. This motion was supported by the affidavit of one of the defendant's attorneys and by the defendant himself, and by three other residents of Davis county, all to the effect that in the opinion of the affiant the defendant could not obtain a fair and impartial trial in Davis county because of prejudice existing against him, and because of inflammatory and derogatory publications in reference to the instant case appearing in the local papers of the county. Such motion was resisted by the state, and the affidavits of many residents of the county from many different districts in the county were filed showing that in many instances the defendant was not even known in the neighborhood in which the various affiants lived, and that in many other instances there was even no knowledge of the pendency of the charge against the defendant, and that no prejudice existed against him in the county. The motion for a change of venue was overruled by the court, and this is claimed by the appellant as error and it is one of the principal errors argued upon this appeal.

Our statute provides that when an application or petition for a change of place of trial is filed as in this case by the defendant, the court, in the exercise of his sound discretion, must, when fully advised, decide the question according to the very right of it. Section 13818 (Code). This question has been before this court many times, and we have repeatedly held that the granting or refusal of the change rests exclusively in the exercise of the sound legal discretion of the trial court, and unless there is a manifest abuse of such discretion error will not be predicated upon a refusal. State v. LeGrange, 94 Iowa 60, 62 N. W. 664; State v. Heacock, 106 Iowa 191, 76 N. W. 654; State v. Blodgett, 143 Iowa 578, 121 N. W. 685, 21 Ann. Cas. 231; State v. Williams, 197 Iowa 813, 197 N. W. 991; State v. Gibson, 204 Iowa 1306, 214 N. W. 743; State v. Hodges, 198 Iowa 1208, 199 N. W. 297.

In the last-cited case, State v. Hodges, the application for the change was supported by a stronger showing than in the instant case; but in the Hodges case we said, speaking through Justice Evans:

"It will be seen, therefore, that the question involved was one wholly of opinion. * * * There is nothing in this feature of the

record that would justify us in finding any abuse of discretion on the part of the trial court. The recitals contained in the affidavits presented by the defendant are such as could be made without actual bad faith in any criminal prosecution in any county where the crime involved was of such a nature as to attract public attention."

And we there held that there was no error in overruling a motion for change of venue on the ground of public prejudice when the existence or nonexistence of such prejudice rested on a mere matter of opinion of diverse witnesses. Many other of our own cases might be cited as sustaining the ruling of the trial court in the instant case, but the matter has been before this court so often, and we have so thoroughly and repeatedly discussed and announced the settled rule in this state as to the determination of this issue, that nothing would avail from a further and extended discussion thereof. We are constrained to hold that there is no showing of an abuse of the legal discretion lodged in the trial court in the instant case, and that the ruling denying the application for the change of place of trial was correct and has the support of our prior pronouncements.

II. The appellant next contends and strenuously argues that the court erred in overruling his motion for a directed verdict on the ground that the evidence of the state in support of the charge against the defendant was wholly from witnesses who were accomplices, and that the testimony of such accomplices was not corroborated, and that therefore the evidence is insufficient to warrant a verdict of guilty. We have read and considered the transcript of the testimony very carefully and are convinced that there is an abundance of evidence of the defendant's guilt and to sustain the verdict of the jury, even outside of the testimony of the so-called accomplices. We might here call attention to the fact that there is no controversy but what the clover seed in question was stolen from the owner; there is no question but what it was stored by the thieves in the granary of the defendant; there is no question but what the thieves visited and were in negotiation with the defendant prior to the time of the larceny; there is no question but that the stolen property was found in the possession of the defendant. The defendant did not deny his statement to the sheriffs at the time of his arrest to the effect that there was no clover seed in his granary or on his place, but he attempted a weak explanation of this statement by saying that he said there was no *stolen clover seed* on his premises. This will be noticed is all outside of the testimony of the thieves

who are claimed to be accomplices. Under our statute, section 13901, testimony corroborative of an accomplice may be circumstantial as well as direct in character. State v. Patten, 191 Iowa 639, 182 N. W. 788; State v. Christie, 193 Iowa 482, 187 N. W. 15; State v. Winters, 209 Iowa 565, 228 N. W. 286; State v. Arhontis, 196 Iowa 223, 194 N. W. 209.

However, if one who steals the property is not an accomplice of one who receives the stolen property, then this question needs no further consideration, and we have held that one who steals property is not the accomplice of one who receives the stolen property. State v. Scott, 136 Iowa 152, 113 N. W. 758; State v. Feinberg, 145 Iowa 329, 124 N. W. 208; State v. Boyd, 195 Iowa 1091, 191 N. W. 84.

In State v. Scott, supra, we said:

"Error is further assigned upon the failure of the court to instruct the jury that the Buchers were accomplices in the alleged offense, and that a conviction could not be had on their uncorroborated testimony. The proposition is without merit. The thief who steals property, and the person who afterwards receives it from him, knowing it to be stolen, are guilty of separate and distinct offenses, and, unless more than this be shown, neither is an accomplice in the offense of the other. This would seem too clear to require illustration or argument. Counsel cite us no authority which is in point with their contention, and we think none can be found."

In State v. Boyd, supra, we said:

"Appellant contends that Hoskinson was an accomplice of the defendant, and for that reason his evidence required corroboration. We have a number of times said that, where the charge is receiving stolen property, the original thief is not an accomplice, and it is therefore unnecessary that his testimony should be corroborated to support a conviction. State v. Scott, supra; State v. Feinberg, 145 Iowa 329, 124 N. W. 208. However, there was an abundance of corroboration on the testimony of Hoskinson. Finding of the goods in question Hoskinson took from the car in the store of the defendant, and the acceptance of their delivery, as detailed by other witnesses, was ample corroboration, if such were necessary."

III. The appellant attempts to distinguish the foregoing cases from the case at bar and states that the pronouncements therein to

the effect that the original thief is not an accomplice in the crime of receiving stolen goods is dicta and not controlling. With this contention we cannot agree. In the cases cited the very question that the appellant now insists upon was in issue and it cannot be contended with any seriousness that such pronouncements are dicta. With the statements contained in our former cases we are satisfied and again announce and affirm the rule as contained in those decisions.

IV. The appellant also contends that the indictment should have been dismissed at the close of the testimony upon the plea of the defendant as to former jeopardy. It is the settled law in this state that a plea of former jeopardy can be sustained only where the offense charged is the same offense for which the defendant has been previously tried. Section 13807 of the Code; State v. Blodgett, supra; State v. Jacobson, 197 Iowa 547, 197 N. W. 638; State v. Boyd, supra; State v. Garcia, 198 Iowa 744, 200 N. W. 201; State v. Folger, 204 Iowa 1296, 210 N. W. 580. The appellant's plea of former jeopardy was based upon the fact that he was charged and tried in Appanoose county on a charge of larceny from a building in the nighttime, and that a verdict of acquittal was directed by the court. These facts were conceded by the state and the matter then became a question of law for the trial court to determine in the instant case. The statute we have referred to provides that a conviction or acquittal upon a former trial shall bar another prosecution for the *same offense*. In all cases the determination of this question rests upon the proposition of whether or not the second prosecution is for the same offense or some included offense. The identity of crimes must be determined when the evidence of one would sustain a conviction of the other, and conversely where the evidence necessary to convict on the subsequent charge would not have convicted upon the first. In 16 C. J., sections 462 and 463, on page 276, we find the following text:

"Larceny and Receiving Stolen Goods. An acquittal or a conviction of larceny is no bar to a subsequent indictment for receiving stolen goods, as the two crimes are separate and independent, require different facts to prove them, and the proof of either will not sustain a charge of the other.

"Burglary with intent to steal and receiving stolen goods are not the same crime, nor can the same individual be guilty of both of them, so far as the same goods are concerned, and an acquittal

of burglary is no bar to a prosecution for receiving the goods which were taken from the house by the burglar."

The foregoing text is sustained by many cases from this and other states. In State v. Scott, supra, this court said:

"The thief who steals property, and the person who afterwards receives it from him, knowing it to be stolen, are guilty of separate and distinct offenses, and, unless more than this be shown, neither is an accomplice in the offense of the other. This would seem too clear to require illustration or argument."

To the same effect is our holding in State v. Blodgett, supra; State v. Jacobson, supra. In the Jacobson case we held to the generally recognized rule that for a plea of former jeopardy to be available, it must appear that the offenses are in substance the same, and that the evidence which proves the one would also prove the other, and that if an essential element of one offense is not necessarily present in the other, then there is no former jeopardy.

In State v. Boyd, supra, upon a conviction for receiving stolen property it was argued by the appellant that if he was guilty of any crime it was either as principal or as an accessory before the fact, and that therefore he should have been prosecuted for burglary rather than for receiving stolen property. This court answered such proposition in the following language:

"Whether or not a party who may be indicted for this distinct offense of receiving stolen property might also be indicted as a principal for some other offense, as burglary or larceny, to which he might have been an accessory under the common law, is a question which we do not have before us in this case, and upon which we are not required to express an opinion. What we do hold at this point is that defendant was specifically charged by indictment with the distinct and separate statutory offense of receiving stolen property. It is no defense to that action for him to claim that he might have been indicted as principal in some other offense, either burglary or larceny. He is now charged with this distinctive, statutory crime of receiving stolen property. * * * We are limiting our decision to the single proposition that the legislature has created a distinct and separate statutory offense known as the crime of receiving stolen property. It is for this offense, and it alone, that the defendant has been indicted in this case. The sole question to be

determined is whether or not he is guilty of such an offense. If he is, it is no defense to this action to claim that he might be charged as principal in some other offense as burglary or larceny." See, also, State v. Folger, supra.

The crime of receiving stolen property is defined by section 13042 of the Code. Larceny is defined by section 13005, and larceny from a building in the nighttime by section 13008. It is only necessary to read the definition of these statutory crimes to make it apparent that the crimes thus defined are separate and distinct offenses. We hold therefore that the crime of receiving stolen property, with which the appellant is charged in this case, is a separate and distinct crime from that of larceny from a building in the nighttime, and that a conviction or acquittal on the latter charge will not be a bar to a prosecution on the former.

V. The appellant also assigns as error misconduct on the part of the county attorney in the examination of witnesses and in his argument to the jury. Questions of this kind must ordinarily be left to the sound discretion of the trial court, and unless it appears manifest that such discretion has been abused, and that there is in fact prejudicial error existing in that regard which has resulted in the denial to the defendant of a fair and impartial trial, the ruling of the trial court will not be disturbed. We find no such result in this record.

Other matters are mentioned by the appellant as prejudicial to the defendant, including some complaint as to the instructions of the court. We have carefully considered all of such complaints upon the part of the appellant, and hold that the instructions of the court fully and fairly submitted the disputed issues of fact to the jury, and that the verdict of guilty as returned by the jury is amply sustained by the evidence. An affirmance necessarily follows.— Affirmed.

MITCHELL, C. J., and STEVENS, KINDIG, CLAUSSEN, and KINT-ZINGER, JJ., concur.