STATE OF IOWA, Appellee, v. M. O'CONNELL, Appellant.

**Criminal law:** UTTERING FORGED INSTRUMENT: BURDEN OF PROOF. The
burden is upon the State to show the guilty knowledge and
fraudulent intent of one charged with uttering an instrument on
which he had forged the indorsement of the payee firm, where
he contended that he was a partner in the payee firm and was
authorized to use the firm name, and that he was not criminally
liable although he exceeded his authority.

**Same:** EVIDENCE TENDING TO PROVE ANOTHER CRIME: WHEN ADMISSIBLE.

2   A fact or circumstance closely related to or connected with a crime under investigation is admissible on the question of intent, although tending to prove another crime.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

SATURDAY, NOVEMBER 20, 1909.

THIS is a prosecution for uttering a forged instrument. There was a verdict and judgment of guilty. Defendant appeals. *Affirmed.*

*Franklin Brown* and *Gillespie & Bannister,* for appellant.

*H. W. Byers, Charles W. Lyon* and *Lawrence De Graff,* for the State.

EVANS, C. J.—The charge in this case is based upon the indorsement of a check for $3.90, drawn by Cohen & Sons to the order of Flint Transfer Company, and purporting to be indorsed by the Flint Transfer Company. In July, 1907, P. W. Flint was engaged in the transfer business under the name of Flint Transfer Company. The defendant was engaged in driving one of his teams under an arrangement whereby each was to receive one-half the earnings of such team and driver. On July 12th the defendant brought to Cohen & Sons, dealers in old iron, an iron column which he sold to them for $3.90. He said that the column belonged to the Flint Transfer Company. Cohen & Sons issued their check in payment therefor, and made it payable to "Flint Transfer Company." Later this check was negotiated by the defendant to Lorenz Ill by delivery. It purported at that time to be duly indorsed by the payee. The evidence in behalf of the state was sufficient to show that such indorsement was not made by

Flint Transfer Company, nor by any person authorized thereto; also, that the iron column for which the check was given was the property of one Christy, from whom it had been stolen just before the time of its delivery by plaintiff to Cohen & Sons.

I.    It is urged by the defendant that under the terms of his employment he became a partner with Flint, and that he was authorized to use the firm name; or, if not, that he was not criminally liable, even though he transcended his authority as a partner, and especially so, if he believed that he had such right.    The state of the evidence, however, furnishes no basis for the claim of partnership. Whether he believed himself to be such, or believed that he had authority to sign the indorsement or negotiate the check, was a question that inhered in the case as submitted by the court; the burden of proof being laid at all times upon the state to prove guilty knowledge and fraudulent· intent upon the part of the defendant.

1. CRIMINAL LAW: uttering forged instrument: burden of proof.

2.    Defendant's counsel objected to all the evidence offered on behalf of the state tending to show Christy's ownership of the iron column, and tending to show that it had been stolen from him.    The argument is that the crime of larceny of the iron column is entirely distinct in its nature from the crime charged in this case, and that it was therefore not admissible in this case even to prove intent.    The rule that evidence of other crimes may be proved for the purpose of showing intent or motive in a particular case is well settled.    It is also well settled that evidence of such other alleged crimes must be confined to crimes of a like kind with the one under prosecution.    It is this limitation of the rule for which the defendant contends.    The difficulty with this position is that the evidence objected to involved circumstances so immediately connected with the alleged commission of the crime charged that it was

2. SAME: evidence tending to prove another crime: when admissible.

admissible, regardless of the question whether it tended to prove another crime or not. If a circumstance is so related to or connected with the alleged crime under investigation as to be otherwise admissible, it is not rendered inadmissible because it tends to prove another crime. Defendant relies upon the rule as stated in *State v. Vance,* 119 Iowa, 687. It is said that this case confines the evidence of other offenses to the establishment only of (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; and (5) the identity of the person charged with the commission of the crime on trial. This case, however, does not furnish support to defendant's position herein. The question of the ownership of the iron column for which the check was received was an important inquiry as bearing upon the first three of the elements above set forth in the *Vance* case. If the column had belonged to himself, or if it had belonged to himself and Flint jointly, it would have been a strong circumstance in his favor. The burden of proof being upon the state, it was proper for it to negative such an inference. The fact that the iron column was stolen from Christy not only tended to negative such inference, but it was admissible upon the fourth ground above stated. And it may be said, also, that if the defendant were on trial under the charge of larceny of the iron column, evidence of the crime now under consideration would be admissible against him under the fifth ground above stated.

The case has been argued for the defendant with much ability, and many questions have been presented in the briefs for our consideration. But they all rest upon the proposition which we have now considered. Our conclusions thereon are decisive of every question argued, and it will serve no useful purpose for us to consider the argument in further detail. The case properly appeals to the

sympathy of counsel. The amount involved is small. These are all matters which can be considered by the board of parole in due time. We find no error in the proceedings, and we' are satisfied that the defendant had a fair trial.

The judgment below is *affirmed.*