STATE OF IOWA, Appellee, v. J. A. FELDMAN, Appellant.

**RECEIVING STOLEN PROPERTY:** Evidence—Sufficiency. Evidence
1  held to sustain a conviction for receiving stolen property.

**CRIMINAL LAW:** Appeal and Error—Scope of Review—Misconduct
2  of County Attorney. Complaint of the conduct of the county attorney in the trial will be disregarded, in the absence of a definite record relating thereto.

**CRIMINAL LAW:** Evidence—Other Similar Offenses. On the trial of
3  an indictment for receiving stolen property, evidence of other non-

remote offenses committed by the accused, of the same general nature, is admissible on the issue of the defendant's knowledge of the stolen character of the property in question.

**CRIMINAL LAW:** Trial—Instructions—Insufficient Exceptions. An
4   exception to instructions to the effect that "the court erred in giving Instructions 1 to 12, inclusive," is fatally indefinite.

Headnote 1: 34 Cyc. p. 527. Headnote 2: 17 C. J. p. 170. Headnote 3: 16 C. J. p. 610. Headnote 4: 17 C. J. p. 86.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

FEBRUARY 10, 1925.

REHEARING DENIED APRIL 9, 1926.

THE defendant was convicted in the court below of the crime of receiving and concealing stolen property, and appeals. —*Affirmed.*

*La Monte Cowles,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *W. E. Jackson,* County Attorney, for appellee.

STEVENS, J.—I.   Appellant was tried and convicted in the court below of the crime of receiving and concealing stolen property, and sentenced to imprisonment in the penitentiary at Fort Madison for a period of not to exceed five

1. RECEIVING STOLEN PROPERTY: evidence: sufficiency.

years. The transaction upon which the prosecution is based is the purchase and sale of a Ford coupé, which the evidence shows was stolen from one William L. Campbell, at Burlington, Iowa. The automobile was purchased from one George Crabbe, who resided at Galesburg, Illinois. Appellant resides at Burlington, and is engaged in the business of repairing automobiles and the purchase and sale of used cars. He is a skilled mechanic, and appears to have had considerable experience as an expert automobile repair man.

The evidence discloses that the automobile in question was

stolen, and the number on the engine changed, and that it was sold by appellant to one Maude Miller, who, in turn, and by the aid of appellant, sold the same to one Doctor Musser, of Ottumwa.

George Crabbe was an automobile salesman with whom appellant was well acquainted, and with whom he had had other transactions. The evidence also shows that appellant purchased another stolen Ford coupé of Crabbe, on which the numbers were also changed. It appears that appellant had the necessary tools for changing the numbers upon Ford engines.

The insufficiency of the evidence to sustain the conviction is vigorously asserted by counsel, and much reliance is placed upon this contention for reversal. We shall not set out or review the evidence in detail. We have examined it with care; and, while circumstances are largely relied upon by the State to sustain the conviction, we are satisfied that the court properly submitted the issue of guilt to the jury. Appellant's conduct in the matter of registration and the manipulation of number plates, together with the testimony of Crabbe that he saw him change the number on a Ford engine, tends strongly to indicate guilt. The evidence, in our judgment, was sufficient, if believed by the jury, to justify a conviction. This being true, the verdict will not be disturbed by this court. *State v. Huckelberry*, 195 Iowa 13.

II. It is asserted, also, in the brief of counsel, that the county attorney made comments and unwarranted statements in regard to transactions not properly in evidence.

No reference is made, in the assignment of errors or the brief, to the record where the comments and alleged unwarranted statements made by the county attorney may be found.

2. CRIMINAL LAW: appeal and error: scope of review: misconduct of county attorney.

The suggestion in the motion for new trial is that they were made in argument to the jury. No part of the argument is set out in the record, nor does it appear therefrom that timely objection was made to the alleged misconduct of the county attorney, or that any exception was preserved to the ruling of the court thereon.

We find nothing in the record from which we can determine whether the county attorney was guilty of prejudicial misconduct or not.

III. The court permitted the State to introduce evidence of the purchase from Crabbe of another stolen Ford coupé, and also that the engine numbers thereon were removed, and, as in the case of the Campbell car, another number substituted. Error is predicated on the admission of this testimony.

3. CRIMINAL LAW: evidence: other similar offenses.

The testimony was clearly admissible, as bearing upon the question of appellant's knowledge of the fact as to whether the car was stolen, and for the purpose of showing a course of conduct indicating intent. *State v. Albery*, 197 Iowa 538; *State v. Scott*, 136 Iowa 152; *State v. Boyd*, 195 Iowa 1091; *State v. Wright*, 192 Iowa 239; *State v Weaver*, 182 Iowa 921.

It is further contended by appellant that the evidence was not only inadmissible, but that, as a whole, it was insufficient to justify a conviction, for the reason that the State failed to prove that either of the cars was in fact stolen.

We think this contention is without merit. The evidence does show that the cars were stolen, and the jury could not have found otherwise. The details were not gone into; but the numbers were evidently changed, whether by appellant or not, to render identification impossible.

IV. The contention of appellant that the verdict was contrary to law and the instructions, and that it should have been directed in his favor, is answered by what we have already said.

It is, however, further argued that the verdict was the result of passion and prejudice on the part of the jury. Nothing in the record tending to sustain this theory of appellant's is pointed out, and a careful reading thereof fails to disclose anything tending to indicate that the jury was so influenced.

V. Appellant requested the court to instruct the jury that, if it found from the evidence that the Campbell car was in the possession of Crabbe, and that it was delivered by him to appellant, the possession thereof by said Crabbe would warrant appellant, in the absence of any showing to the contrary, in believing that Crabbe was the owner thereof, and that appellant

had a right to rely upon the presumption that such was the case, together with his knowledge that Crabbe was a dealer in used cars.

No proper objection, as will presently appear, was preserved to the refusal of the court to give this instruction; but, in any event, the charge of the court clearly informed the jury of the elements of the crime, and of what was necessary to convict; and the refusal to give the instruction, even if it were a proper one, could not have been prejudicial to appellant.

Complaint is also made of Paragraph 7 of the court's charge to the jury. The only exception noted in the record to the instructions is in Paragraph 6 of the motion for a new trial, and is as follows:

"Because the court erred in giving the Instructions No. 1 to 12 inclusive, on its own motion, and the court erred in refusing to give the Instruction No. 1 asked for by the defendant."

The exception does not point out the part of the instructions excepted to, nor the grounds of such exceptions, as is required by Section 11495 of the Code of 1924. This section

4. CRIMINAL LAW: trial: instructions: insufficient exceptions. has been repeatedly construed by this court, and exceptions noted in the language quoted, held insufficient. *Anthony v. O'Brien,* 188 Iowa 802; *Gibson v. Adams Exp. Co.,* 187 Iowa 1259. Waiving, however, the failure of appellant to properly except to the instructions, we are free to say that we think the instruction faulty, if at all, only for the failure of the court to make it somewhat more explicit. It is substantially correct, and could not have misled the jury.

We find no error in the record, and the judgment of the court below is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.