STATE OF IOWA, Appellee, v. F. H. HUNTLEY, Appellant.

CRIMINAL LAW: Evidence—Other Offenses—Separate and Discon-
nected Offenses. On the trial of an indictment for rape, evidence
tending to show separate and distinct assaults to rape, upon females
other than prosecutrix, and wholly disconnected with the trans-
action on trial, is inadmissible. (See Book of Anno., Vol. I, Sec.
13897, Anno. 134 *et seq.*)

Headnote 1:    16 C. J. pp. 586, 610; 33 Cyc. pp. 1478, 1484.

Headnote 1:    62 L. R. A. 228; 48 L. R. A. (N. S.) 238; 22 R. C. L.
1204.

*Appeal from Story District Court.*—SHERWOOD A. CLOCK,
Judge.

NOVEMBER 22, 1927.

The defendant was prosecuted upon a charge of rape com-
mitted upon Harriet Davidson, a child fifteen years of age. He
was convicted of assault with intent to commit rape. From the
judgment entered he has appealed.—*Reversed.*

*Welty & Soper, North, Linscott, Gibboney & North,* and
*Nichol & Nichol,* for appellant.

*John Fletcher,* Attorney-general, and *Earl F. Wisdom,*
Assistant Attorney-general, for appellee.

EVANS, C. J.—The defendant assigns many alleged errors.
Upon the record before us, we shall have need to give special
consideration to only one of these.

The evidence of the prosecutrix was that the defendant
had sustained sexual relations with her on June 1, 1926. Over
the objection of the defendant, Marie French, a girl of 16, and
a witness for the State, testified that on one occasion the defend-
ant had attempted a like offense upon her. Lois Gibbs, a girl
of 15, also a witness for the State, testified that the defendant
had also attempted a like offense upon her. These alleged
events were in no manner connected with the event of June 1,

1926, for which the defendant was under prosecution, nor did they form any part of the circumstances surrounding that event. The theory on which the evidence was admitted was that it was proper for the purpose of showing intent, and the consideration of the evidence was confined to that issue by the instructions of the court.

The State contends for the propriety of this testimony for the purpose indicated. The contention cannot be sustained. The rule is quite universal that evidence of other alleged crimes against others than the prosecutrix is not admissible in evidence in support of the prosecution. This rule was recognized in this state in an early day in *State v. Walters*, 45 Iowa 389. The same rule was repeated and emphasized in *State v. Lyon*, 176 Iowa 171. The rule has its exceptions, it is true. But the field of exception is necessarily narrower than the rule itself, and is confined ordinarily to those cases where *scienter* or purpose is of the essence of the issue. The scope of the exception is stated in *State v. Vance*, 119 Iowa 685. To say that the exception is operative in a prosecution for rape would make it operative in all criminal cases, because they all necessarily involve criminal intent. The practical effect of such a holding would be to broaden the field of exception to the extinguishment of the rule itself.

In support of its contention, the State relies upon the following authorities: *State v. Desmond*, 109 Iowa 72; *State v. Sheets*, 127 Iowa 73; and *State v. O'Connell*, 144 Iowa 559.

In the *Desmond* case, the prosecutrix was one of three girls, each of whom had been assaulted by the defendant in the same place and at the same time. We held that the three assaults were parts of the same transaction, and that each of them was inseparable from the circumstances attending the crime for which the defendant was on trial. The same situation was presented in *State v. Sheets*, supra, relied on by the State. It appeared in that case that four little girls were assaulted at substantially the same time and in the same place. The offenses thus disclosed were not independent and separate, within the meaning of the rule. In *State v. O'Connell*, 144 Iowa 559, the prosecution was for uttering a forged instrument. In that case we said:

"The rule that evidence of other crimes may be proved for

the purpose of showing intent or motive in a particular case is well settled. It is also well settled that evidence of such other alleged crimes must be confined to crimes of a like kind with the one under prosecution. It is this limitation of the rule for which the defendant contends. The difficulty with this position is that the evidence objected to involved circumstances so immediately connected with the alleged commission of the crime charged that it was admissible, regardless of the question whether it tended to prove another crime or not. If a circumstance is so related to or connected with the alleged crime under investigation as to be otherwise admissible, it is not rendered inadmissible because it tends to prove another crime."

It will be seen from the foregoing that this citation is against the position of the State, rather than in support of it.

The alleged offenses disclosed by the testimony of these two witnesses were wholly independent and distinct from the crime charged in the indictment.

For this reason, this assignment of error must be sustained. As to other features of the record, we may say that the court did not err in submitting the included offense of assault with intent to commit rape.

For the reason above indicated, the judgment below is reversed.—*Reversed.*

STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.