STATE OF IOWA, Appellee, v. GEORGE GRIMM, Appellant.

No. 43042.

MARCH 17, 1936.

E. S. Thayer, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley,. Assistant Attorney General, and Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellee.

MITCHELL, J.—The grand jury of Polk county on the 3d day of April, 1934, returned an indictment against George

Grimm, accusing him of the crime of robbery with aggravation, as defined in sections 13038 and 13039 of the 1931 Code of Iowa. To this indictment Grimm entered a plea of not guilty. Evidence was offered and the case submitted to a jury, which found him guilty as charged, and he was duly sentenced, as provided by law.

Being dissatisfied with the verdict, Grimm has appealed to this court.

It is claimed by the state, and there was evidence to support same, that on the morning of January 2, 1934, P. J. Leonetti, who was the manager of the A & P Grocery Store, located at East Twenty-ninth and Grand avenue, Des Moines, opened the store for business at about the hour of 7:30. He was engaged in preparing for the day's business, putting vegetables into the windows and fixing other displays to attract customers. At about ten minutes of 8 a man in a Ford coupe drove up in front of the building. He got out of his car and entered the store by the front door, and, as he approached Leonetti, pulled a gun and told him to stick up his hands, demanding the Saturday receipts. These were located in the safe, and the person who had the combination was not there. The robber took $8 out of the cash register. He then compelled the manager to lie down behind the counter, which Leonetti did, until he heard the robber leave the store by the front door, when he got up and watched him as he drove away.

Leonetti, as a witness for the state, positively identified the appellant as the man who held up and robbed the A & P Store. The appellant claimed that he was at the time of the robbery in Gary, Indiana, and he offered some evidence to that effect. But there is no claim made by the appellant in this appeal that there was not sufficient evidence to submit the case to the jury, nor does he complain of the instructions given to the jury by the lower court.

The appellant in this case raised but one proposition: That the lower court erred in admitting the testimony of two of the detectives of the city of Des Moines, who arrested him in Gary, Indiana, and escorted him back to Iowa to stand trial. These detectives testified that they had a conversation with appellant on the way back from Gary to Des Moines, in which, after they had told Grimm he was being brought back to face a number of robbery charges, he said to them that "he had had them before;

that he beat them kind of charges and probably would again; that he threw away at least fifty guns because after any of his holdups he would throw away his gun, and that he done that for the reason that if he was ever arrested immediately after a holdup and he didn't have a gun on him, there would always be a doubt in the jury's mind that he was guilty." They testified that he showed them, as they crossed the Mississippi river, where he threw away a German Lugar at one time after a holdup. It is the claim of the appellant that this testimony was wrongfully admitted, in that it was not connected with the crime charged in the indictment and was evidence of other separate, distinct, and independent offenses.

It is true, as claimed by appellant, that it is the general rule that, to substantiate the charge alleged in the indictment, evidence of other separate, distinct, and independent offenses cannot be received. But there are well established and recognized exceptions to the general rule.

In the case of State v. O'Connell, 144 Iowa 559, at page 561, 123 N. W. 201, this court said:

"Defendant's counsel objected to all the evidence offered on behalf of the state tending to show Christy's ownership of the iron column, and tending to show that it had been stolen from him. The argument is that the crime of larceny of the iron column is entirely distinct in its nature from the crime charged in this case, and that it was therefore not admissible in this case even to prove intent. The rule that evidence of other crimes may be proved for the purpose of showing intent or motive in a particular case is well settled. It is also well settled that evidence of such other alleged crimes must be confined to crimes of a like kind with the one under prosecution. It is this limitation of the rule for which the defendant contends. The difficulty with this position is that the evidence objected to involved circumstances so immediately connected with the alleged commission of the crime charged that it was admissible, regardless of the question whether it tended to prove another crime or not. If a circumstance is so related to or connected with the alleged crime under investigation as to be otherwise admissible, it is not rendered inadmissible because it tends to prove another crime. Defendant relies upon the rule as stated in State v. Vance, 119 Iowa 685, 687, 94 N. W. 204. It is said that this case confines the evidence

of other offenses to the establishment only of (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; and (5) the identity of the person charged with the commission of the crime on trial. This case, however, does not furnish support to defendant's position herein. The question of the ownership of the iron column for which the check was received was an important inquiry as bearing upon the first three of the elements above set forth in the Vance case. If the column had belonged to himself, or if it had belonged to himself and Flint jointly, it would have been a strong circumstance in his favor. The burden of proof being upon the state, it was proper for it to negative such an inference. The fact that the iron column was stolen from Christy not only tended to negative such inference, but it was admissible upon the fourth ground above stated. And it may be said, also, that if the defendant were on trial under the charge of larceny of the iron column, evidence of the crime now under consideration would be admissible against him under the fifth ground above stated."

In the case of State v. Wallack, 193 Iowa 941, at page 942, 188 N. W. 131, 132, this court said:

"Appellant complains of admission of certain evidence tending to show improper or adulterous acts of appellant, and also evidence of robbery of deceased; and that such evidence was prejudicial.

"As a general rule, evidence of other crimes not connected with the crime charged is not admissible; but when the evidence involves circumstances so immediately connected with the alleged commission of the crime charged that it is admissible, it is not rendered inadmissible because it tends to prove another crime. State v. O'Connell, 144 Iowa 559, 123 N. W. 201; State v. Hogan, 145 Iowa 352, 124 N. W. 178.

"It was proper to show the relation existing between accused and Clair, prior to the alleged crime, where they lived, their previous acquaintance, and other matters complained of, as bearing on the question of whether they were acting as accomplices, and as to whether the defendant was aiding and abetting in the shooting, as accounting for her presence there; and the mere fact that such evidence might tend to show that the defend-

ant and Clair were guilty of adultery does not render such evidence inadmissible."

It was said in State v. Maupin, 196 Iowa 904, at page 909, 192 N. W. 828, 830, 195 N. W. 517:

"Appellant complains that error was committed in receiving evidence concerning commission of another crime committed by him, in admitting the testimony of witness W. E. Robb, wherein Robb testified that defendant told him that he and another man had robbed a store. The record discloses that the testimony complained of was a part of the conversation between the defendant and the officers in the sheriff's office, wherein the defendant was implicating another man in the killing of Joe Hayes, and was a part of his story concerning this other man, and how he came to be acquainted with him. It was all a part of the same conversation and transaction wherein the defendant eventually confessed his guilt of murdering Joe Hayes. We have repeatedly held, in substance and effect, that all of what the accused had to say, at the time and place, about the commission of the crime with which he is charged, is admissible, even though incidentally the conversation may show that the accused had committed another offense. This assignment is without merit. State v. O'Connell, 144 Iowa 559, 123 N. W. 201; State v. Wallack, 193 Iowa 941, 188 N. W. 131."

In the case of State v. Rowley, 197 Iowa 977, 195 N. W. 881, this court cites the case of People v. Hobbs, 297 Ill. 399, 130 N. E. 779, 783, wherein that court said: "In its case in chief, the state must prove all of the elements of the crime, including the intent, and need not wait to learn the character of the defense that is to be made by the defendant. The plea of not guilty puts in issue all material allegations, and any proper defense may be shown thereunder. * * * The proof of former criminal abortions is admitted upon the theory that they create a reasonable presumption of a practice and a business of performing such criminal acts, and particularly where it is shown that such former acts were performed solely for a money consideration on the part of the defendant; and the more numerous the acts so proved, the stronger, ordinarily, will be the presumption."

In State v. Feldman, 201 Iowa 1089, at page 1092, 202 N. W. 90, 91, this court said:

"The court permitted the state to introduce evidence of the purchase from Crabbe of another stolen Ford Coupe, and also that the engine numbers thereon were removed, and, as in the case of the Campbell car, another number substituted. Error is predicated on the admission of this testimony.

"The testimony was clearly admissible, as bearing upon the question of appellant's knowledge of the fact as to whether the car was stolen, and for the purpose of showing a course of conduct indicating intent. State v. Alberry, 197 Iowa 538, 197 N. W. 650; State v. Scott, 136 Iowa 152, 113 N. W. 758; State v. Boyd, 195 Iowa 1091, 191 N. W. 84; State v. Wright, 192 Iowa 239, 182 N. W. 385; State v. Weaver, 182 Iowa 921, 166 N. W. 379.''

Applying the above and foregoing rules to the testimony admitted by the trial court, we find that the admission or declaration made by appellant was broad enough to cover, not only the crime with which he was charged at the time the admission was made, but a number of other crimes of exactly the same kind and character committed in the same community. He was told by the officer "that he was going back to Des Moines to face a number of robbery charges." He stated that "he had had them before; that he beat them kind of charges before and he probably would again." Surely this admission or declaration was broad enough to show intent, common scheme, design, method, and routine of committing criminal acts, and the jury was entitled to consider this evidence in connection with the other circumstances in the case. The appellant was boasting; he was bragging of the wonderful plan and scheme that he had conceived in his own mind to rob other people of their property and then not pay the penalty the law demands. As generally happens when one brags or boasts, the statements made do not help him but, rather, are used against him. So it was with the appellant. He was not scared because the officers of the law had apprehended him; that was not a new experience for him. The charge of holding up a man at the point of a gun did not bother him. He had a scheme, an idea, by which he could get away from the punishment which violation of the law demands. He told that scheme to the officers of the law. He showed these officers, as they were leaving Gary, Indiana, where he had thrown a gun after a holdup, and, as they crossed the Father of

Waters, he pointed with pride to a spot where he had thrown a German Lugar. It was part of his scheme, part of the method he used. Evidence of this, as such, was clearly admissible.

An examination of this record convinces us that the appellant has had a fair trial. That there was sufficient evidence upon which the jury could return the verdict of guilty is not denied by the appellant. No exceptions are taken to the instructions.

It therefore follows that the judgment of the lower court must be, and it is hereby, affirmed.

DONEGAN, C. J., and ALBERT, ANDERSON, HAMILTON, KINTZINGER, PARSONS, and STIGER, JJ., concur.