STATE OF IOWA v. GEORGE A. HOGAN, Appellant.

**Criminal law:** OBJECTION TO JURORS. A defendant in a criminal action who makes no objection to any juror when selected, and uses no peremptory challenges, can not make the objection on appeal that the jurors had formed opinions based on what they had read.

**Same:** RAPE: EVIDENCE OF ANOTHER OFFENSE. On a prosecution for rape evidence of a separate and independent crime committed by another upon the prosecutrix is not admissible, but where such act on the part of the other was so connected and associated with the act of defendant as to render it one of the surrounding circumstances of his case, the fact that it involved another crime will not render the evidence thereof inadmissible.

**Rape:** CORROBORATING EVIDENCE. In this action the corroborating evidence is held not only to have been sufficiently corroborative but practically conclusive as to the connection of defendant with the alleged offense.

**Same:** MENTAL CAPACITY: OPINION EVIDENCE. Where a witness. had met the prosecutrix but once and was only able to communicate with her by means of writing, refusal to permit the witness to express an. opinion as to whether the prosecuting witness was a woman of ordinary intelligence was within the discretion of the court; and in this case exclusion of the evidence was not prejudicial, for all of the facts observed by the witness were detailed.

**New trial:** ARGUMENT OF COUNSEL: OBJECTION. A defendant can not predicate error upon want of opportunity to object to the argument of counsel because of the absence of the judge who tried the case, where, by agreement his place was taken by another judge and no objection was made to the agreement at the time, but was made for the first time in the motion for a new trial.

*Appeal from Jones District Court.*—HON. W. N. TREICH-LER, Judge.

TUESDAY, JANUARY 11, 1910.

THIS is a prosecution for rape. There was a verdict of guilty, and a judgment imposing punishment. The defendant appeals.—*Affirmed.*

*Welch & Welch,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

EVANS, J.—The defendant was indicted on the charge of rape, alleged to have been committed on August 25, 1907, upon one Emma Fahrni, a deaf-mute.

I. The defendant's first complaint of error is that the jurors who sat upon the case were disqualified by previous opinion. The abstract sets forth the examination of eleven of the jurors. The examinations of

1. CRIMINAL LAW: objection to jurors.

some of them show no · opinion whatever. Other jurors stated in their examination that they had read about the case in the papers and had formed

opinions based upon what they had read. Whether any juror disclosed a state of mind that would disqualify him, however, is a question which does not arise in any way in the record, except in the argument of counsel. No objection whatever was made to any juror that was selected, nor does it appear from the record that any peremptory challenges were exercised on behalf of the defendant. In such a state of the record, it is idle to discuss the question. The state of the record indicates that defendant was satisfied with the jurors at the time they were selected, and his dissatisfaction arose only after an adverse verdict.

II. The defendant complains of the rulings of the court in admitting certain testimony relating to the conduct of one Rohn shortly before the commission of the alleged offense by the defendant. The testimony on behalf of the state tended strongly to show concerted action between Rohn and one Hausler and the defendant. The same offense was committed by each one of them in succession in a barn at the home of the defendant, and in the successive order above named. They were together at the barn shortly before the offense was committed by Rohn, and were together at the time it was committed by the defendant, and for some hours thereafter. Rohn procured the presence of the prosecuting witness at the barn. It is claimed on behalf of defendant that Rohn's offense was entirely distinct and separate, and that it was committed before that of the defendant, and that it was therefore prejudicial to permit evidence of it. Prior to the trial of defendant, Rohn had been convicted of the offense, and such conviction had been affirmed here. *State v. Rohn,* 140 Iowa, 640. It appears also from the evidence on behalf of the state that the offense was again committed by the defendant some hours later in the day at another place not far away. The state introduced its evidence concerning both of the alleged acts on the part of the defendant, and

2. SAME: rape: evidence of another offense.

at the close of its evidence elected to rely upon the last. It is urged by defendant's counsel that the offense of Rohn was thereby still further separated from the act for which the defendant was convicted. If it were true that the act of Rohn were separate and independent from that of defendant, then the contention of defendant as to its inadmissibility as evidence would be good. But, under the evidence on behalf of the state, the act on the part of Rohn was so connected and related to the acts of the defendant that it was admissible as one of the surrounding circumstances of the case. Being admissible as such circumstance, the fact that it involved the commission of another crime did not render it inadmissible. 144 Iowa, 559. There was no error in permitting this testimony.

III. The defendant contends that the prosecuting witness was not sufficiently corroborated. There is corroboration to be found in the testimony of the defendant himself, notwithstanding his denial of guilt.

3. RAPE: corroborating evidence.

His presence at the place was admitted by him as to each of the alleged acts. The testimony of De Witt was directly corroborative. He saw the defendant with the prosecuting witness, and reported the matter at once to the public officers. The testimony of the sheriff who arrested the defendant while in company with the prosecuting witness was also corroborative. The conversation of the defendant as detailed by the witness Franklin was itself corroborative. The testimony here referred to was not only corroborative, but it was practically conclusive as to the connection of the defendant with the alleged offense. The undisputed facts disclosed in the evidence are so loathsome and depraved that ordinary vice seems virtuous by comparison.

IV. The examination of the prosecutrix as a witness on the trial, as well as some other testimony, tended strongly to show that she was mentally undeveloped and was childish in her comprehension. The mother of the defen-

dant, Mrs. Hogan, was a witness in his behalf. She testified
to having once met the prosecutrix, and she
described her association with her in this
wise: "I met Emma at Wangers', about three
miles in the country. I had communica-
tion with her by paper. She told me her age, and told me
about making her own clothes, and about her sewing, and
a number of other things. My little girl wrote for me.
The writing was destroyed. When she quit writing to
me she wrote to my little girl. She wrote she would like
to get married. She arranged her statements all right.
The words were connected together all right. The spelling
was all right. Ideas were intelligent, and her writing was
fine." She was thereupon asked to state her opinion
"whether she was a woman of ordinary intelligence." This
question was objected to as incompetent and upon other
grounds. If we should concede that the question was tech-
nically proper, the ruling was clearly nonprejudicial. The
witness was not an expert. She had met the prosecutrix
but once. She was not able to have any oral conversation
with her. If she had been permitted to express an opin-
ion based upon the facts stated, it would have been purely
formal. The real facts which she had observed were be-
fore the jury. We may say further that inasmuch as the
witness had no general acquaintance with the prosecutrix,
and knew her only by this one interview, we think it was
quite within the discretion of the trial court to refuse the
evidence on the ground that the witness had not shown suffi-
cient qualification upon which to form an opinion.

V. It is complained in argument that the trial judge
absented himself from the trial during the argument of
the case before the jury, and that the attorneys for the state
were guilty of misconduct in such argu-
ment, and that the defendant had no redress
because the trial judge was "forty miles
away." The alleged facts upon which this argument is

4. SAME: mental capacity: opinion evidence.

5. NEW TRIAL: argument of counsel: objection.

based do not appear in the record in any way except by affidavits of defendant and his counsel attached to a motion for a new trial. These affidavits were contradicted by counter affidavits filed by the attorneys for the state. From these counter affidavits it appears that Judge Treichler presided at the trial; that at adjourning time on Saturday evening the argument to the jury was not quite completed; that the defendant and his counsel agreed in open court that Judge Ellison should preside at the trial upon the reconvening of court on Monday morning, and should hear the remaining arguments of counsel and instruct the jury, Judge Treichler having already prepared the instructions. Under this arrangement Judge Ellison presided on Monday morning; Judge Treichler having gone to his home in another county. It is not claimed that Judge Ellison was absent at the time of any part of the argument. No objection was made to his presiding at this part of the trial, nor was any objection made at any time to the absence of Judge Treichler. No objection was made to any part of the alleged misconduct of counsel, with one exception. It is stated in the abstract that objection was made and exception taken to one statement of the attorney for the state, and that the same was made of record by the shorthand reporter. But the abstract does not attempt to present such record. The argument of appellant is that he would have made objection if Judge Treichler had been present, but that he deemed it useless to make objections before Judge Ellison because of his want of familiarity with the facts of the case. Counsels' present opinion of what would have been done if Judge Treichler had been present can not avail them as a basis for an assignment of error. The situation of which they now complain was one to which they deliberately consented, and a failure to object was a continuance of consent throughout the trial. Except by the affidavits referred to, they caused no record to be made of the matter of which they now complain. We have power

to review the case on errors only; and such errors must appear in the record. The trial court overruled the motion for a new trial. It made no finding of facts relating to the matters involved in the affidavits. We must assume, therefore, that its finding of facts was consistent with its ruling upon the motion. That Judge Treichler was absent is undisputed. But we can not hold that it is necessarily erroneous or prejudicial for one judge to take the place of another, even upon the trial of a criminal case. Circumstances may easily arise where such a course is necessary. It should not be done lightly, and we are not inclined to look with favor upon any practice that imperils the rights of a defendant upon the trial of a criminal case. But the appellant is in no position to complain about a situation to which he voluntarily consented, and which does not appear from the record to have resulted in any prejudice whatever.

The case is one of great importance, and we have gone through the record with much care. We find no error in it. We are abidingly convinced of the guilt of the defendant.

The judgment below must be *affirmed.*