STATE OF IOWA, Appellee, v. TONY GEIER, Appellant.

**RAPE:** Evidence—Sufficiency. Evidence reviewed, and held sufficient to sustain a conviction for rape.

**RAPE:** Evidence—Corroboration. Corroborating evidence, in prosecutions for rape, may be sufficient to satisfy the statute, even though it does not bear on the element of force and violence. Admissions by the accused to the effect that he did have intercourse with the prosecutrix at the time and place in question, constitute sufficient corroboration.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

APRIL 4, 1918.

REHEARING DENIED OCTOBER 25, 1918.

DEFENDANT appeals from a conviction on a charge of rape. The material facts are stated in the opinion.—*Affirmed.*

*W. W. Wooley* and *J. C. Murtagh,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, *Edward J. Wenner, George D. Harris,* and *Walter R. French,* for appellee.

STEVENS, J.—I. The principal grounds relied upon for

reversal are: First, that the verdict of the jury is without sufficient support in the evidence; and second, that there is no corroborating evidence tending to connect the defendant with the commission of the offense. To recite the evidence in detail will accomplish no good purpose. It appears, however, from the testimony of prosecutrix, that, about 5:30 P. M. on the day of the act complained of, she was returning from her home in Waterloo to the telephone office where she was employed; that defendant drove his automobile close to the curbing, and requested her to get in and ride down town; that she thought she recognized him as a clerk whom she had met in a grocery store, and did not learn of her mistake until after she had gotten into the car; that they drove up town in the vicinity of the telephone office, but, as she did not have to go to work until 6 o'clock, at defendant's suggestion they started to ride awhile; that he drove to a point outside of the city, a short distance from one of the public streets, near the bank of the Cedar River, where it is claimed the crime was committed. She further testified that he assaulted and attempted to ravish her while in the car; that she resisted him successfully, and succeeded in getting out of the car; that he pursued her and threw her upon the ground, and, by force and against her will, and in spite of her resistance, had sexual intercourse with her; that, when she arose from the ground, she saw a car approaching; that she ran to it, and waved her cap, as a sign for it to stop; that she got in the car, went up town, and to the office of a physician, where a physical examination was made of her by the doctor.

1. RAPE: evidence: sufficiency.

Defendant testified, in substance, that the prosecutrix smiled at him, and he thought she wanted to ride in the car; that he drove to the curbing, where she got in; that they drove about town and to the river with her full concurrence. He denied that he employed force or that she re-

sisted his importunities, and asserted that prosecutrix voluntarily indulged in sexual intercourse with him.

Prosecutrix was about 23 years of age, unmarried, and weighed 105 pounds. The defendant was about the same age, married, and weighed from 168 to 170 pounds.

The parties with whom she rode to town in the car testified that prosecutrix was in a state of great nervous excitement when she got in the car; that her hair was disheveled, her clothing disarranged, her back covered with dirt, dry grass, and leaves; and that she appeared to be injured. There were bruises upon her limbs and body, and, according to the testimony of the physician who examined her, her clothing was bloody, her hymen recently ruptured, and she was in a condition of great nervous excitement. The testimony of the two witnesses with whom she rode to town in the automobile is somewhat conflicting, and one witness called on behalf of the defendant testified to matters tending to corroborate his claim that prosecutrix voluntarily submitted to the act; but, considering the evidence as a whole, much of which is undisputed, we cannot say that the verdict of the jury is without sufficient support in the record.

It is true that prosecutrix was very imprudent, and could well have gotten out of the automobile after she discovered that she did not know the driver, who was the only occupant of the car; but, so far as the record discloses, she was of good character, and it may well be assumed from the evidence that she had never previously indulged in an act of sexual intercourse. The defendant was a married man, residing with his wife in Waterloo, and his own admissions indicate that he is a man of bad character. Numerous witnesses testified that his reputation for truth and veracity was bad.

The instructions are not complained of. Aside from the matters hereinafter referred to, nothing is urged on be-

half of the defendant tending to show that he did not have a fair trial. In our opinion, the verdict is amply sustained by the evidence, and we are not disposed to interfere therewith.

II. It is insisted by counsel for defendant that no evidence was offered corroborative of prosecutrix, tending to connect the defendant with the offense. The testimony of the prosecutrix alone was sufficient, if believed by the jury, to establish the fact that the crime was committed. *State v. Mc-Laughlin,* 44 Iowa 82; *State v. Robinson,* 170 Iowa 267.

2. RAPE: evidence: corroboration.

The corroboration required by Code Section 5488 need not tend to corroborate the claim of prosecutrix that force or violence was used by the defendant, but it is only necessary that same point out and designate the accused as the guilty party. We have repeatedly held that the admission by the accused that he had intercourse with prosecutrix is sufficient corroboration tending to connect him with the commission of the crime. *State v. Hetland,* 141 Iowa 524; *State v. McPursley,* 144 Iowa 414; *State v. Icenbice,* 126 Iowa 16.

Defendant was called as a witness, and testified that he was with prosecutrix at the time and place referred to by her, and that he had sexual intercourse with her. No further corroborating evidence was required.

III. Several other alleged errors are assigned, but not discussed by counsel. We have carefully read and examined the entire record, an dare unable to discover any prejudicial error therein. It is claimed that an assistant county attorney who was engaged in the prosecution of this case was called and examined as a witness, relative to an alleged written confession of the defendant. The record, however, fails to disclose that the witness in any way referred to a written confession. He did testify in detail to an oral confession of defendant. No objection was made by defend-

ant to the witness or to his testimony, and we fail to find wherein the court committed error in admitting same.

Objection was made to a part of the opening argument of counsel for the State. The objection was overruled by the court, and, so far as the record discloses, rightly so. It is also urged that the court should have instructed the jury more fully upon some propositions. No instruction was asked by counsel, and the charge as a whole seems to have been fair and complete.

We find no error in the record, which, in view of the seriousness of the offense, we have read with care. The judgment of the lower court is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.