STATE OF IOWA, Appellee, v. JAMES LEWIS SMALL, Appellant.

No. 46256.

OCTOBER 19, 1943.

Johnston & Shinn, of Knoxville, for appellant.

John M. Rankin, Attorney General, Don Hise, Assistant Attorney General, Clarence A. Kading, County Attorney, and Leon N. Miller, County Attorney, for appellee.

WENNERSTRUM, J.— █ The defendant, James Lewis Small, was indicted, charged with the crime of operating a motor vehicle while intoxicated. He entered a plea of not guilty and upon trial was convicted. The trial court sentenced the defendant to a term of three months in the county jail and as a further part of the judgment the sentence provided that he should pay a fine of $500 and costs. The defendant has appealed from this judgment.

The appellant is a resident of Des Moines, Iowa. At the time of the claimed offense he owned and operated a motor truck with which he hauled coal. During the morning of May 14, 1942, he and Harry McAninch, also of Des Moines, left that city to drive to Centerville, Iowa, for the purpose of obtaining coal. They were accompanied by Ottis McAninch, the father of Harry McAninch. The younger McAninch at the time of the trial was in military service and was stationed in some foreign country. When the occupants of the truck were near Carlisle, Iowa, they had some trouble with highway-repair workers and there was some exchange of blows between the appellant and one of the highway-construction workmen. Information concerning this difficulty on the highway was communicated to the sheriff's office of Marion county at Knoxville, Iowa, and Tom May, a deputy sheriff, drove out on the highway and waited for the truck as it drove into Knoxville. After the truck had passed the deputy sheriff he followed it for a short distance and then required the driver to stop. The deputy sheriff testified that the appellant, Small, was the driver of the truck and that while it was being driven he observed that it was weaving back and forth across the black line in the middle of the public highway. He further testified that Small was intoxicated. Ottis McAninch testified that the appellant was seated in the middle of the seat and between him and Harry McAninch, who, he stated, was driving the car. The appellant denied that he was the driver of the

truck at that time and stated that Harry McAninch was doing the driving.

After the appellant was arrested in Knoxville he was taken by the deputy sheriff to the Marion county jail, where he was examined by Dr. R. V. Mater. Statements made by him in his testimony concerning his observations of the appellant and the circumstances relative to the taking of a blood test are the basis of claimed error and are as follows:

"On May 14, 1942, I came to the Marion County jail to examine James Lewis Small. He was making an awful fuss. He wouldn't let me take his blood until I had explained to him in detail that my examination was definitely that he was intoxicated; that I was willing to swear to it; that if he wanted a benefit of a doubt he should have a blood test. After I explained that to him I told him odds were all against him if he wouldn't have a blood test. After he understood that I was definitely going to say he was intoxicated then he consented for me to take his blood test. I took a specimen of his blood, a part of which is contained in Exhibit 'S-1.' Mr. Small's face was flushed, his pupils were dilated, he was very much on guard. He could co-ordinate fairly well. He was a man that was mentally bad. His temper was bad. I think he was intoxicated."

I. The appellant claims that the court committed error in permitting a State's witness to testify as to the analysis of the blood claimed to have been taken from him without his consent; that this action was in violation of appellant's constitutional guaranties of security of person and in contravention of the prohibition against illegal search and seizure as provided for in Article I, section 8, of the Constitution of Iowa. It is further contended that the specimen of blood claimed to have been taken from the appellant was obtained as the result of duress.

The question of the admissibility of testimony relative to blood tests in cases involving the charge of driving a car while intoxicated has been considered by this court in several prior opinions. We have held that, if a defendant does consent to a blood test, testimony relative to the analysis of blood taken from him may be given at his trial. State v. Haner, 231 Iowa 348, 351, 1 N. W. 2d 91, 92. We held in State v. Benson, 230 Iowa 1168,

300 N. W. 275, that evidence of the fact that a defendant refused to submit to a blood test might, under proper instructions, be considered by the jury.

The testimony heretofore set forth definitely shows that the taking of blood from the appellant for the purpose of making a test was with his consent. A study of the testimony of Dr. Mater discloses that all that he told the defendant was that he (the doctor) was convinced that the appellant was intoxicated and would so testify and that a blood analysis would either confirm or disprove the doctor's testimony. The claim that duress was used in obtaining the consent of the appellant in the taking of blood is without support in the evidence. Duress implies compulsion, the use of action or statements that deprive an individual of the free exercise of his will. The testimony of Dr. Mater does not substantiate the contention of the appellant. It is a significant fact that the appellant in his testimony does not testify to any facts whatsoever relative to the taking of his blood by Dr. Mater and does not make any claim that any duress was exerted over him in connection with the obtaining of a blood specimen. As previously stated, we held in State v. Benson, supra, that testimony as to the fact that the defendant refused to take a blood test was admissible. The instructions given by the trial court are not set forth in the record. However, as stated in State v. Sweetman, 220 Iowa 847, 849, 850, 263 N. W. 518, 519, it will be presumed that the court properly instructed the jury on this particular question here considered, in the absence of any showing of what the instructions were.

■ II. It is the claim of the appellant that the trial court committed error in connection with its refusal to strike certain statements made by Deputy Sheriff May, who, on cross-examination, was asked this question:

"Q. You would rather see this man convicted than not, wouldn't you? A. Yes, sir. Because I think he has committed a crime. Mr. Shinn: I move to strike the last part of the answer as not responsive. The Court: I think I will let it stand along this line of questioning. (Defendant excepts.) Mr. Shinn: Then you do have a little feeling in the case? You are interested in the case? A. Yes, sir."

1284

We do not believe there was error in the refusal of the court to strike the statement of which complaint is made. It is apparent from the cross-examination that appellant's counsel was endeavoring to show the interest of the witness and it is also apparent that the court had this same thought in mind in its ruling when it stated: "I think I will let it stand along this line of questioning." We hold that the answer was responsive.

■ III. It is further contended by the appellant that the sentence of imprisonment and the fine imposed were excessive and unreasonable. The record does not show that there had been any previous conviction of the appellant in any similar case. However, it is within the discretion of the trial court to impose a sentence not to exceed the maximum penalty authorized by law. It is the judgment of this court that it would not be justified in modifying the sentence of imprisonment and the fine imposed or in holding that it was excessive and unreasonable.

· We have carefully reviewed the record presented and find no error. We therefore affirm.—Affirmed.

All JUSTICES concur.