STATE OF IOWA, appellee, v. JAMES L. HOLOUBEK, appellant.

## No. 48502.

(Reported in 66 N.W.2d 861)

110

November 16, 1954.

Smith, Pogge & Stagemane, of Council Bluffs, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Matt Walsh, County Attorney, of Council Bluffs, for appellee.

HAYS, J.—Defendant was convicted of ravishing and carnally knowing a female, Janice Lee, by force and against her will, and has appealed therefrom.

Appellant assigns six alleged errors which may be placed in four groups: (1) Error in instructions. (2) Error in not directing a verdict for defendant. (3) Excessive sentence. (4) Error in reception of testimony.

I. As above-stated, defendant-appellant was convicted

of violation of section 698.1, Code of 1950. He was sentenced to a term of not to exceed forty years in the Iowa State Penitentiary. Was such excessive?

Section 698.1, Code of 1950, provides for a violation of said section: "* * * he shall be imprisoned * * * for life, or any term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum * * *." If, under the evidence, a verdict of guilty was warranted, there is certainly nothing in the record showing that the trial court has abused the discretion which the legislature has placed in it. It was well within the range of sentence which the trial court was authorized to impose under the statute. State v. Ingram, 219 Iowa 501, 258 N.W. 186; State v. Small, 233 Iowa 1280, 11 N.W.2d 377; State v. Rutledge, 243 Iowa 179, 47 N.W.2d 251. We find no merit to this claim.

II. Appellant assigns error as to the instructions 'given by the trial court. This assignment contains three propositions: (1) Defendant claimed he was intoxicated at the time and was entitled to an instruction upon this defense. (2) The court failed to instruct as to included offenses. (3) The court failed to give implicit instructions to the jury.

The record shows that at the close of the testimony the instructions were submitted to counsel. It shows:

"The court: This is for the record. The instructions have been submitted to counsel on both sides. Are there any exceptions?

"Mr. Walsh [county attorney]: No exceptions.

"Mr. Caniglia [counsel for defendant]: No exceptions, your honor."

No motion for a new trial and exception to instructions were filed by defendant's counsel after the verdict was returned. (It might be stated that counsel for appellant on this appeal did not represent him in the trial court.) This precludes any review thereof in this court. State v. Hartung, 239 Iowa 414, 30 N.W.2d 491; State v. Walters, 244 Iowa 1253, 58 N.W.2d 4.

In the recent case of State v. Baker, 246 Iowa 215, 66 N.W.2d 303, we held that a claim of accidental shooting was not

a special defense; that it inhered in the plea of not guilty and no special instruction was necessary particularly in the absence of a request. It governs here as to the claim that defendant was intoxicated.

■ As to failure to instruct on included offenses: Appellant admits having had intercourse with the prosecuting witness at the time and place in question. His claim is that it was had with her consent. Prosecuting witness was neither an imbecile, section 698.3, Code of 1950, nor under the age of seventeen years, section 698.1, Code of 1950. Thus, if he is guilty of the crime charged, it is because it was without her consent. He was either guilty of the crime charged or not guilty. Such a situation does not require the submission of offenses often included in a charge of rape. State v. Beabout, 100 Iowa 155, 69 N.W. 429; State v. Johnson, 221 Iowa 8, 264 N.W. 596; State v. Evenson, 237 Iowa 1214, 24 N.W.2d 762; State v. Jones, 233 Iowa 843, 10 N.W.2d 526; State v. Spridgen, 241 Iowa 828, 43 N.W.2d 192.

As to the failure of the trial court to be explicit in the instructions given, an examination of the instructions shows them to correctly state the legal questions involved. If elaboration thereof was desired, appellant should have so requested. State v. Critelli, 237 Iowa 1271, 24 N.W.2d 113; State v. Hofer, 238 Iowa 820, 28 N.W.2d 475; State v. McCall, 245 Iowa 991, 63 N.W.2d 874. We do not find errors as alleged by appellant.

■ III. Error is assigned in the admission of testimony by the prosecuting witness as to an alleged rape of prosecuting witness by a third party immediately following the alleged rape by appellant.

■ ·Prosecutrix testified that prosecuting witness and one James Wagner were in a parked car in Fairmont Park, Council Bluffs, Iowa, sometime near one a.m.; that appellant and two other men, one being a Frank Frisch, came to the car, forced Wagner out and appellant entered the car and committed the act charged in the indictment. Prosecuting witness also testified that immediately following this, Frisch forced his way into the car and, over objection, stated that "he also raped me." On motion, this was stricken from the record but no admonition was given to the jury to disregard such answer nor was such requested. Except as said answer might be objectionable as an

opinion and conclusion, we find no error even if same had been permitted to remain in the record. The rule in such cases appears to be that where the acts are all so closely related in point of time and place, and so intimately associated with each other that they form a continuous transaction, the whole transaction may be shown, and what immediately preceded and what immediately followed the act complained of, for the purpose of showing the scienter or quo animo of the party charged. State v. Hickman, 195 Iowa 765, 772, 193 N.W. 21. See also State v. Robinson, 170 Iowa 267, 152 N.W. 590, and State v. Hogan, 145 Iowa 352, 124 N.W. 178.

IV.  The assignment of error most strenuously urged by appellant is that the court should have directed a verdict for him for the reason that the evidence shows consent was given by the prosecutrix.

The evidence shows that the act took place in the front seat of the Wagner automobile. It fairly shows that so far as physical resistance is concerned, prosecutrix offered little, if any. It is her claim that defendant threatened harm to Wagner and to her if she fought or screamed, and it was due to fear that such would occur that more resistance was not offered. The trial court correctly instructed the jury that the burden was upon the State to show that prosecutrix exerted the utmost resistance to the attack; but that, if it found that defendant threatened her with bodily harm and with apparent power to execute such threats, and that, as a result thereof she was reasonably prevented from actual physical resistance, such would warrant a conviction.

We see no purpose in setting forth herein the details attending the alleged act. There is little dispute therein except whether the lack of physical resistance was due to fear, as claimed by prosecutrix, or to consent, as claimed by appellant. It was a question which might find support in the evidence whether the answer be "fear" or "consent". It was for the jury to determine. State v. Smith, 28 Iowa 565; State v. Geier, 184 Iowa 874, 167 N.W. 186; State v. Manly, 211 Iowa 1043, 233 N.W. 110; State v. Crandall, 227 Iowa 311, 288 N.W. 85; State v. Rutledge, 243 Iowa 179, 47 N.W.2d 251.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

GARFIELD, C.J., and BLISS, OLIVER, WENNERSTRUM, SMITH, MULRONEY, and LARSON, JJ., concur.

THOMPSON, J., specially concurs.

THOMPSON, J. (specially concurring)—I concur in the foregoing opinion, except that in Division II I do not agree that we should rest our holding upon the authority of State v. Hartung, 239 Iowa 414, 30 N.W.2d 491. The defendant was not required to except to the instructions at the close of the testimony. This being a criminal case he had the right to take his exceptions after the verdict was rendered. The fact that his counsel did not see fit to take exceptions when the proposed instructions were submitted to him at the close of the testimony, and stated that he had no exceptions, should not be held to be a waiver of his right to take them at the proper time, which was after an adverse verdict and judgment had been rendered against him.