STATE of Iowa, Appellee,

v.

Ronald De Wayne STEVENSON, Appellant.

No. 54617.

Supreme Court of Iowa.

Feb. 25, 1972.

Koopman & Kennedy, Sibley for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Donald E. Skiver, County Atty., for appellee.

BECKER, Justice.

Defendant was charged by county attorney's information with the crime of rape, tried to a jury, convicted, and sentenced to a term *not to exceed 25 years.* Defendant appeals from the denial of his motion for a directed verdict, challenging the sufficiency of the evidence to establish lack of consent on the part of the complaining witness.

■ I. This is not a question of insufficient corroboration. Section 782.4, Code, 1966, requires only that complainant's testimony be corroborated by evidence tending to connect defendant with the crime. See State v. Escamilla, 182 N.W.2d 923, 924 (Iowa 1971); State v. Pilcher, 158 N.W.2d 631, 636 (Iowa 1968).

Since defendant questions the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the State. However, the State must prove all essential elements of the crime charged. State v. Kittelson, 164 N.W.2d 157, 161 (Iowa 1969); State v. Daves, 259 Iowa 584–586, 144 N.W.2d 879, 880 (1966).

■ Defendant contends the State failed to prove the essential element of lack of consent because of the improbability of complainant's story. The complaining witness testified defendant threatened her with a knife. After attempting to rape her in her car, he left the knife in her car while moving his own. She testified she returned the knife to him because he knew she had it. The knife thereafter remained in the glove compartment of his car until seized by the deputy the next day. Defendant drove her to an abandoned farmhouse where the rape took place. The next morning they drove to his mother's house in Sibley where he talked with his mother at

the door for several minutes. The girl sat in the car. Defendant points out that complainant made no attempt to escape and when they were stopped by the deputy sheriff after leaving his mother's house, the girl was silent until asked if she was the girl from George. It was only later at the police station that she complained she had been raped. In support of her testimony, a physician and others testified to the presence of bruises on her legs and neck. There was also other testimony corroborating complainant's story as relating to defendant's use of his car and complainant's use of her car on the night in question. The foregoing evidence, together with complainant's explanation of her actions as growing out of fear of defendant, created a jury question.

"The fact of the commission of the offense of rape may be established by the testimony of the person attacked." State v. Ladehoff, 255 Iowa 659, 663, 122 N.W.2d 829, 832 (1963); State v. Lahmon, 231 Iowa 448, 451, 1 N.W.2d 629, 631 (1942), and citations. The improbability of the prosecutrix' testimony as to consent is a question for the jury. State v. Ladehoff, supra, 255 Iowa at 667, 122 N.W.2d at 834; see State v. Holoubek, 246 Iowa 109, 113, 66 N.W.2d 861 (1954).

We have considered the briefs, record, and transcript of testimony and hold the finding of guilt has substantial support in the evidence and is not clearly against the weight thereof.

■ II. This case contains another matter not raised by either party which must be decided under section 793.18, Code, 1971. The trial court sentenced defendant to a term not to exceed 25 years in the Men's Reformatory at Anamosa. The maximum penalty for the offense of rape is life imprisonment. Section 698.1, Code, 1966. Therefore, the indeterminate sentencing provisions do not apply. Section 789.13, Code, 1966. In State v. Jackson, 251 Iowa 537, 546, 101 N.W.2d 731, 736–737 (1960), we said:

" * * * The judgment of the trial court should be stated so certainly that the warden or other officer may understand and execute it. (Authorities cited).

"Measured by this rule, we find the sentence too indefinite to be permitted to stand. Whether the trial court attempted to sentence under the indeterminate sentence law we do not know. The words 'not to exceed' give that impression; they are commonly used when sentencing under that act. But what the court did is of far more importance than what it thought it was doing. A sentence of 'not to exceed' seventy years for murder lacks certainty, and gives the officers of the state penitentiary no sufficient knowledge of what it may be. Any term of years from seventy down at least to ten, the minimum sentence permitted by the statute, meets the stated requirement of 'not to exceed seventy years.' * * *."

Under section 698.1 the sentence may vary from five years to life. In State v. McCollom, 260 Iowa 977, 990, 151 N.W.2d 519, 526 (1967), we said:

" * * * We cannot be sure whether the court believed a sentence of 60 years was fair or was merely setting the maximum, with the actual time of confinement to be determined by the board of parole. So we must make our own determination of what is a proper sentence. State v. Jackson, supra, 251 Iowa 537, 549, 101 N.W.2d 731, 738."

In imposing sentence in this situation we may reduce the sentence but may not increase it, Code, 1971, section 793.18.

■ Cases of this kind, where the sentence imposed is too indefinite to stand, are to be distinguished from cases where the sentence is sufficiently definite but is attacked as excessive. In such cases relief will be granted only where there has been an abuse of discretion. State v. Williams, 171 N.W.2d 521, 530 (Iowa 1969). Here we must make our own determination.

As Judge James Kelley remarked in passing sentence in trial court, this task imposes a heavy burden. In State v. DeRaad, 164 N.W.2d 108, 113 (Iowa 1969), we said:

" 'The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual. 24 C.J.S., Criminal Law, § 1980.' "

The American Bar Association Standards on Sentencing Alternatives and Procedures, Approved Draft, 1968, provides:

"2.1 (d) * * * Except for a very few particularly serious offenses, and except under the circumstances set forth in section 2.5(b) (special term for certain types of offenders), the maximum authorized prison term ought to be five years and only rarely ten."

"2.2 General principle: judicial discretion.

"The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant."

We have sent for and studied the presentence investigation report which includes defendant's juvenile record and two psychiatric evaluations made in prior years. He was 18 years old at the time of the crime. His overt crimes which brought him before the juvenile courts include one breaking and entering of a liquor store in Minnesota and stealing therefrom three bottles of liquor. The other incidents concern purchase of beer and liquor, theft of beer and writing bad checks.

From our study of the record, considering the serious nature of the crime involved,

the age of defendant, his background and the possibility of future rehabilitative help, we conclude a sentence of 10 years confinement at hard labor in the Iowa Men's Reformatory at Anamosa is a proper sentence under section 698.1 Code, 1966, and such is the judgment of this court. Proper action to correct the trial court record shall be taken under section 793.24, Code, 1971. Costs are assessed to defendant. Affirmed with sentence by this court.

All Justices concur.