■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUDELL ROLAND, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 8, 1971, convicting her of criminally selling a dangerous drug in the second degree and criminally possessing a dangerous drug in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based have been considered and determined to have been established. Appellant was indicted for sale and possession of dangerous drugs on October 5, 1968 and November 26, 1968 (four counts). On the trial, and as part of their direct case, the People introduced evidence, over objection, that virtually simultaneously with a sale by appellant to an undercover police officer on November 26, 1968, and in her presence, one Clarence Garrison sold drugs to another undercover officer. It was also brought out that Garrison subsequently entered a guilty plea as a result of this transaction. In our opinion, the admission of this evidence was error and highly prejudicial. It was not properly part of the *res gestae* of appellant's own alleged criminal transaction, as it was an extraneous crime, committed by one other than the accused and readily separable from appellant's own acts (see *People* v. *Molineux,* 168 N. Y. 264, 308). Nor does such evidence fall within any of the recognized exceptions to the rule of *People* v. *Molineux* (*supra*). Proof of this other crime, as well as of another drug-related crime committed by appellant's paramour, which the trial court properly struck from the record, served no

purpose other than to raise an inference of guilt by association. Shapiro, Acting P. J., Gulotta and Christ, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to affirm, with the following memorandum: In our opinion, Garrison's sale of drugs to another undercover agent was part of the *res gestae* of appellant's virtually simultaneous sale; and evidence thereof was properly received.