**STATE of Iowa, Appellee,**

v.

**Charles Wesley YOUNG, Appellant.**

**No. 55264.**

Supreme Court of Iowa.

Oct. 17, 1973.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Ray Fenton, Co. Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

MOORE, Chief Justice.

Defendant, Charles Wesley Young, was jointly indicted with Benjamin Harrison Yoakum for the crime of robbery with aggravation. A trial jury acquitted Yoakum. Thereafter defendant was tried, convicted and sentenced to a 25-year term in the state penitentiary under the provisions of Code section 711.2. He has appealed. We affirm.

Defendant's first assigned error invokes the doctrine of res judicata and collateral estoppel based on Yoakum's acquittal. Secondly he contends the evidence at most shows he was only an accessory after the fact and therefore not chargeable as a principal.

The facts as shown by the record may be summarized as follows. About 8:30 P.M., March 9, 1971 a man, admittedly Yoakum, entered Miller's Super Valu store at Southwest Thirteenth and Army Post Road, in Des Moines. He was wearing coveralls and a baseball cap. After picking up a quart bottle of orange juice Yoakum proceeded to rob Elwyn Hand, meat department manager, at gunpoint. Hand was forced to put the orange juice and the paper money from the cash register into a paper sack and to leave the store with Yoakum. Hand was ordered to walk west on Army Post. As he did so, Yoakum ran south through a big yard to where defendant Young had stopped his dirty white station wagon about a block from the store. Yoakum hollered, "Hey." Defendant backed his vehicle, Yoakum entered and defendant drove from the scene. Yoakum had alighted from defendant's vehicle near the store's front door adjacent to which there was a large parking lot, one-fifth full. As Yoakum ran south Hand stopped a cruising police car and reported the robbery. A neighbor described the escape vehicle. A radio report alerted other police cars of the robbery. Two police car officers observed the described station wagon traveling west on Army Post Road, several blocks from the store. It was not traveling at a high speed. When stopped it appeared the driver Young was alone. He immediately left his vehicle. Notwithstanding his statement of not speeding, the officers went to the station wagon where they observed, from the outside, an open gun box and an ammunition clip on the front seat and the paper sack on the floorboard. It contained the bottle of orange juice and $480 taken a few minutes earlier from the Miller store. Yoakum was observed hiding in the vehicle. A gun fitting the description of that used in the robbery was found under the front seat. The gun box was owned by defendant. When arrested Yoakum admitted the robbery but like defendant claimed defendant knew nothing about it.

Defendant and Yoakum roomed together in Indianola. They came to Des Moines several hours before the robbery. They drove around, visited taverns, eating establishments and the liquor store. Yoakum drank to the extent he claimed some loss of memory. Defendant testified Yoakum apparently, late in the day, did not at times understand what was said to him. Defendant did little, if any, drinking. Yoakum was wearing brown slacks and a shirt until shortly before the robbery when he put on the coveralls.

■ I. Defendant first argues he was entitled to a dismissal as the facts created "only a single entity in the commission of the crime." No authority supporting the single entity theory has come to our attention. What defendant really claims is that Yoakum's acquittal is res judicata of the charge against him. Both Code section 688.1 and our case authority are squarely against his contention.

Code section 688.1 provides:

"The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals."

The facts in State v. Cunha, Iowa, 193 N.W.2d 106, are very similar to the case at bar. At page 109 we say:

"Iowa Code, 1971, section 688.1 abolishes the distinction between an accessory before the fact and a principal. Under this statute when a defendant is charged with aiding and abetting a judgment in a separate trial acquitting the actual perpetrator is neither res judicata nor a bar to the prosecution of defendant. A judgment against one, whether of conviction or of acquittal, has no bearing on the other. State v. Wilson, 236 Iowa

429, 444, 445, 19 N.W.2d 232, 239 (1945); State v. Wilson, 235 Iowa 538, 541, 17 N.W.2d 138, 140, 141 (1945)." See also State v. Gilroy, Iowa, 199 N.W.2d 63; 21 Am.Jur.2d, Criminal Law, section 128.

■ II. In arguing the doctrine of collateral estoppel as a bar to his prosecution, defendant relies solely on the holding in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. It is readily distinguishable. In Ashe defendant was first tried for robbery of one of several members of a poker game. The primary issue was defendant's identity. He was acquitted. Thereafter the same jurisdiction attempted to prosecute him for robbery of another of the poker players. The Supreme Court at 443 of 397 U.S., 1194 of 90 S.Ct., 475 of 25 L.Ed.2d states:

"'Collateral estoppel' is an awkward phrase, but it stands for an extemely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. * * *."

Here the trial of defendant Young involved a different party, some different facts and different issues (aiding and abetting) than did the earlier trial of Yoakum. We hold he was not entitled to a dismissal under the doctrine of collateral estoppel.

Defendant's first assigned error is untenable.

■ III. An analysis of the record convinces us defendant's second assigned error is without merit.

We have repeatedly held that if there is any substantial evidence reasonably supporting the charge, the trial court should not direct a verdict of acquittal and should submit the case to the jury. State v. Reeves, Iowa, 209 N.W.2d 18, 23; State v. Allison, Iowa, 206 N.W.2d 893, 894, 895; State v. Youngbear, Iowa, 203 N.W.2d 274, 279.

Defendant argues he did not know of the robbery until after it was committed. We believe the record referred to supra includes substantial evidence defendant did knowingly aid and abet Yoakum and that he was an accessory before the fact.

■ Knowledge or intent is usually inferred from the circumstances. Participation in a crime may be inferred from the presence, companionship and conduct before and after the crime is committed. State v. Youngbear, Iowa, 203 N.W.2d 274, 280; State v. Brown, Iowa, 172 N.W.2d 152, 155; State v. Myers, Iowa, 158 N.W.2d 717, 721.

It was for the jury to decide as to the truth and veracity of defendant's explanation. State v. Horrell, 260 Iowa 945, 151 N.W.2d 526, 529, and citations.

We find no reversible error. The judgment of the lower court is affirmed.

Affirmed.