**STATE of Iowa, Appellee,**

v.

**Robert Dale GRAY, Appellant.**

**No. 55905.**

Supreme Court of Iowa.

March 27, 1974.

Rehearing Denied April 18, 1974.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Ray A. Fenton, County Atty., and James McKeon, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Robert Dale Gray, appeals from judgment on jury verdict finding him guilty of rape, in violation of Code section 698.1. He first asserts his motion for directed verdict should have been sustained because the evidence did not establish beyond a reasonable doubt the act of intercourse was by force, without complainant's consent and that she resisted to her utmost ability. Secondly, he contends he did not receive a fair trial. We affirm.

Other than as to force, consent and resistance the testimony of complainant and defendant is in little conflict. Complainant first met defendant when he stopped to help with her stalled car on August 6, 1972 on the road between Indianola and Des Moines. After failing to get the car started defendant drove complainant and her two-year-old daughter to her Des Moines apartment where complainant invited defendant "in for a beer". Complainant testified that after a second beer, as they were sitting on a couch, defendant made advances toward her which she resisted; she freed herself by saying she had to go to the kitchen to take some medicine; defendant followed her to the kitchen; she ran screaming for help into the apartment hallway; defendant ran after her, threw her down, hit her in the jaw, beat her, put his arm around her neck, twisted her right arm behind her back and told her if she screamed or made any more noise he would break her _____ neck. She further testified defendant pulled her back into the apartment; locked the door; removed her clothing; took her into the bedroom; removed his clothing and then without her consent, against her will and by force had intercourse with her. She stated defendant forced her to remain in bed with him and later had intercourse with her again. Further, she did not actively resist these acts because of fear for her safety. About three o'clock in the morning, after defendant had gone to sleep, complainant, accompanied by her child, left the apartment. She was nude except for a blanket. She sought help from neighbors. They called the police.

Des Moines police officers, after interviewing complainant at the neighbor's apartment, went to that of complainant where they found defendant asleep, nude in complainant's bed. He readily admitted intercourse that night with complainant and stated it was voluntary.

Defendant testified that after the second beer he began kissing and loving complainant; she went to the kitchen; took a birth control pill; they went into the bedroom; removed their clothing and the acts of intercourse were entirely voluntary. He denied complainant ever ran into the hallway and that he ever struck or threatened her in any manner.

Defendant was charged, tried, convicted and sentenced under Code section 698.1. As pertinent here it provides: "If any person ravish and carnally know any female by force or against her will * * * he shall be imprisoned in the penitentiary for life, or any term of years not less than five * * *." Defendant was given the minimum sentence.

The record reveals direct conflicting testimony of whether the admitted intercourse was voluntary or by force, without complainant's consent and with required resistance. Thus familiar principles of law must be considered.

■ It is the State's burden to prove each of the essential elements of the crime charged beyond a reasonable doubt. A conviction notwithstanding an absence of proof of an essential element amounts to a denial of a fair trial. State v. Brown, Iowa, 176 N.W.2d 180, 181; State v. Masters, Iowa, 171 N.W.2d 255, 258, and citations.

■ The elements here involved and required to be proved are defendant's carnal knowledge with complainant by force and against her will. State v. Banks, Iowa, 213 N.W.2d 483, 485, and citations.

■ A complainant is competent to testify the act was done without her consent. There is no distinction between statements by the complainant that she did not give her consent, and that she resisted to the best of her ability. State v. Ladehoff, 255 Iowa 659, 666, 122 N.W.2d 829, 833.

On the issue of consent or submission due to fear, in State v. Holoubek, 246 Iowa 109, 113, 66 N.W.2d 861, 864, we held that where a defendant threatens complainant with bodily harm with apparent power to

execute such threats, submission by the victim is no consent. Additionally we held where the issue is whether the lack of physical resistance was due to fear, as claimed by a complainant, or consent as claimed by a defendant, it is for the jury to determine.

■ Defendant relies heavily on our holding in State v. Morrison, 189 Iowa 1027, 179 N.W. 321 on the issue of consent. It is readily factually distinguishable. In Morrison, defendant initially threatened to kill complainant if she resisted his advances. His rape conviction was reversed because there was no demonstration of brutal force. Here complainant testified defendant committed acts of brutality and threatened to break her neck.

■ We have repeatedly held that if there is any substantial evidence reasonably supporting the charge, the trial court should not direct a verdict of acquittal and should submit the case to the jury. State v. Young, Iowa, 211 N.W.2d 352, 354 and citations.

The real thrust of defendant's argument appears to involve the credibility of complainant and himself. It is for the jury and not the court to decide questions of fact and determine the credibility of witnesses. A finding of guilty is binding on us unless without substantial support in the record. State v. Reeves, Iowa, 209 N.W.2d 18, 21; State v. Schurman, Iowa, 205 N.W.2d 732, 733; State v. Jennings, Iowa, 195 N.W.2d 351, 357, and citations.

The trial court did not err in submitting this case to the jury or in overruling his motion for new trial on the ground he had been denied a fair trial.

Affirmed.

HARRIS, Justice (dissenting).

I agree with defendant's assertion the State has failed to present a jury question on the element of resistance and I therefore respectfully dissent.

I. Both force by the defendant and resistance by the victim are elements of the crime. State v. Holoubek, 246 Iowa 109, 66 N.W.2d 861. See also 75 C.J.S. Rape § 12, pages 474–477; 65 Am.Jur.2d, Rape, section 5, page 764. According to these authorities the requirement of the showing *utmost resistance is obviated only where* there is "constructive force." This can arise where the female is under the age of consent, is for some other reason incapable of giving consent, or gives it through threats or fear. Where, as here, a claim is made the victim has yielded in fear it must be shown the yielding was the *result* of the fear caused by force actually used or the threat of great bodily injury. State v. Holoubek, supra. See also 75 C.J.S. Rape § 15, page 481; 65 Am.Jur.2d, Rape, section 11, page 767.

Here there was no showing of any resistance on the part of the complaining witness. She made no claim she in any way resisted. She did testify of an unlikely assault and battery and of an attempted escape. But the State in no way connected this testimony with the act of intercourse. Necessary but missing is the sort of showing made in State v. Holoubek, supra:

" * * * [The record] shows that so far as physical resistance is concerned, prosecutrix offered little, if any. It is her claim that defendant threatened harm to [another] and to her if she fought or screamed, and it was due to fear that such would occur that more resistance was not offered. The trial court correctly instructed the jury that the burden was upon the State to show that prosecutrix *exerted the utmost resistance to the attack;* but that, if it found that defendant threatened her with bodily harm and with apparent power to execute such threats, and that, *as a result thereof,* she was reasonably prevented from actual physical resistance, such would warrant a conviction." 246 Iowa at 113, 66 N.W.2d at 863–864. (Emphasis added).

Complaining witness in this case offered no such testimony. Her summary conclu-

sion was " * * * (t)he first act of intercourse he performed was without my consent and was against my will. It was also with force and fear * * *." This was not supported by any testimony the submission *resulted* from the fear. The record strikes me as being far from sufficient to show beyond a reasonable doubt the complaining witness resisted to the utmost; or, if she didn't, she failed to do so out of fear of great bodily harm.

II. The failure of the State to show resistance is easily explainable. There obviously was none. The testimony of the complaining witness was antithetical to any theory of resistance or lack of consent. She said she twice invited defendant, a total stranger who had assisted her on the highway, into her apartment. Both before and after defendant had helped her retrieve personal items from her disabled car he was asked in and served beer.

According to her story, after defendant had finished his beer and she had a beer, " * * * then he started to kiss me and I pulled my head away. * * *." Apparently defendant and complaining witness were seated together on the davenport. It is not claimed defendant had to approach her any more closely to attempt to kiss her.

At this point she excused herself in order to go to the kitchen to take a birth control pill. The fact her husband had not been living with her for many months and she felt an inclination at the time to take a birth control pill does not lend credence to a claim of resistance. Neither does an inference of resistance arise from the fact the complaining witness freely admitted her most recent sexual relations, prior to the alleged attack, had been with someone other than her husband. The most telling measure of the degree of resistance was in the unexplained presence of a pair of men's undershorts in the very bed where it is claimed the attack took place. The undershorts were not those of the defendant, nor was the complaining witness even able to suggest whose they were.

There was no resistance. I believe defendant's innocence was manifest from the testimony of the complaining witness alone. I would reverse and order the charges against defendant dismissed.