STATE of Iowa, Appellee,

v.

Norman HARPER, Jr., Appellant.

No. 56881.

Supreme Court of Iowa.

Oct. 16, 1974.

Henry T. McKnight, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Defendant was charged with the crime of "bootlegging as defined in Section 123.59 of the 1971 Code of Iowa." After trial resulting in a jury verdict of guilty, he was sentenced to imprisonment in Polk County jail for a term not to exceed 365 days. He appeals from this sentence and we reverse.

Leon Franklin Washington, a police officer from Davenport, was brought to Des Moines as an undercover agent. He testi-fied that about 1:30 A.M. on Sunday, November 19, 1972, he went into a residence at 1222–11th Street, Des Moines. The interior looked somewhat like a cafe. Defendant served him a sandwich for 75 cents and two cans of beer for 75 cents each. In the afternoon he returned and was admitted by a fellow called "Shorty." Defendant was in the kitchen. Washington asked him if the food was ready and defendant responded that it was not, he had just arrived himself. Defendant sold the agent two beers for 75 cents each, and a meal of pig ears, black-eyed peas and corn bread for which he paid $1.50. Defendant then left the premises, telling Shorty he was leaving. After he had gone, Washington bought two cans of beer "to go" from Shorty, and again was charged 75 cents each.

Washington turned these two cans over to Des Moines vice squad officers waiting in the neighborhood. They were analyzed by a State chemist who identified the contents as alcoholic beverage.

Following the chemist's testimony, the prosecution offered as evidence the two cans of beer. Defendant made the following objection:

"Now they are objected to as being incompetent, irrelevant and immaterial, no proper foundation having been laid to introduce said exhibits. Said exhibits were, by the testimony of the state, sold to him by some unknown character; there has been no connection between the beer and the defendant in this case, and no showing that he left it there for delivery by another or that he was an employee of the defendant, no evidence."

The objection was overruled. Defendant tenaciously preserved the claimed error by motion for directed verdict at close of State's evidence, renewed at close of all evidence, and by motion for new trial. Trial court, in ruling, said the exhibits were admitted " * * * solely for the purpose of showing the intent of the defendant and the nature of the premises * * *."

Defendant produced the testimony of John Alfred Williams, owner of the 1222–11th Street premises, who said his tenant at all relevant times was Phillip Jackson. Defendant testified he lived upstairs in the building, Jackson was in charge of the downstairs, and each floor was reached by a separate entrance. He denied he had knowledge of what went on downstairs, or that he was the one who sold Washington beer and food. He had been an employee of a construction company for several years.

The State produced no evidence identifying the owner, proprietor or custodian of the ground floor establishment, or the relationship, if any, between defendant and Shorty. Washington's testimony could well be interpreted as showing defendant was a mere employee of an unknown proprietor.

Defendant raises two grounds for reversal.

■ I. Defendant asserts the sentence was excessive. This ground is argued in one brief paragraph without citation of authority. We are under no compulsion to review any assignment of error when the complaining party cites no authority in support of his argument. State v. Mattingly, 220 N.W.2d 865 (Iowa 1974); State v. Baker, 203 N.W.2d 795, 796–797 (Iowa 1973). In any event, our holding in division II makes it unnecessary to consider a sentence which must necessarily be nullified.

II. Defendant's second ground has merit. He asserts trial court erred in admitting into evidence the two cans of beer (exhibits 1 and 2) sold to officer Washington by Shorty.

Defendant was charged as set out above, and specifically that he "did keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, certain intoxicating liquor with intent to sell or dispose of the same." The issue is whether the two cans of beer have any relevancy to the charge against this accused. Clearly, the objection was sufficient to raise the issue of relevancy. See State v. Clay, 213 N.W.2d 473, 477 (Iowa 1973).

■■ The general rule is that evidence to show commission of crimes other than the one with which a defendant stands charged is inadmissible. Recognized exceptions to this rule permit reception of evidence of other crimes to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime. State v. Garren, 220 N.W.2d 898 (Iowa 1974); State v. Mullen, 216 N.W.2d 375, 379 (Iowa 1974); State v. Wright, 191 N.W.2d 638, 639–640 (Iowa 1971); State v. Armstrong, 183 N.W.2d 205, 207 (Iowa 1971), cert. denied, 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108 (1973).

■■ It is true the admissibility of any such evidence rests largely in trial court's discretion, State v. Wilson, 173 N.W.2d 563, 566 (Iowa 1970), as does the question of relevancy of any evidence. State v. Battle, 199 N.W.2d 70, 72 (Iowa 1972). But we have not hesitated to reverse where the jury was permitted to consider evidence plainly irrelevant and prejudicial. State v. Lelchook, 186 N.W.2d 655, 657 (Iowa 1971); State v. Armstrong, supra, 183 N.W.2d at 209.

The State argues "where defendant commits a criminal act, and shortly thereafter another party commits the same criminal act, evidence as to both acts is admissible to show the entire transaction," citing State v. Holoubek, 246 Iowa 109, 66 N.W.2d 861 (1954), an appeal from a conviction for rape. In that case defendant and another acted in concert in evicting the victim's boyfriend from an auto, then successively raped her. This court held testimony concerning the second assault was admissible as part of a continuous transaction, " * * * for the purpose of showing the scienter or quo animo of the party charged." 246 Iowa at 113, 66 N.W.2d at 863.

While *Holoubek* articulates another exception to the general rule against admission of evidence concerning other crimes, that exception is not as simplistic as the State conceives. The "other" criminal act must be an inseparable part of the whole deed; the separate offenses must be so related that proof of one tends to establish the other. State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973); see State v. Wright, 203 N.W.2d 247, 250–251 (Iowa 1972).

Applying those criteria to the case *sub judice*, it is plain the two beer-can exhibits, secured in a separate purchase from a third person, do not constitute evidence falling within the exception relied on by the State. This record is devoid of proof defendant was the proprietor of the premises, custodian or owner of the beer sold by Shorty, or that the latter was the agent or employee of defendant. No conspiracy between them was charged. Shorty's sale to Washington was not an inseparable part of defendant's alleged "keeping," possession, or sale. Nor did proof of Shorty's sale tend to establish defendant's "keeping," possession, or control of the beer with intent to sell or dispose of it.

Neither does this evidence, in our view, fall within any of the other exceptions to the general prohibitory rule. See State v. Lelchook, supra, 186 N.W.2d at 657. These exhibits went to the jury as mute proof of an unrelated offense committed by another. Ordinarily, evidence of a third person's crime is not relevant to the issue of the guilt of the accused.

It follows the two beer-can exhibits did not fall within any of the five exceptions first itemized above. State v. Armstrong, supra, 183 N.W.2d at 208–209; State v. Porter, 229 Iowa 882, 886, 294 N.W. 898, 900 (1940).

Had the State proved the defendant owned or operated the establishment at 1222–11th Street, exhibits 1 and 2 might have been admissible. See State v. Perry, 246 Iowa 861, 870, 69 N.W.2d 412, 417–418

(1955) ("*  *  *  we have often held in prosecutions for liquor law violations, liquor and connected articles properly identified as having been in the possession of the accused or otherwise connected with his operation *  *  *  are admissible"); and Critelli v. Tidrick, 244 Iowa 462, 472–473, 56 N.W.2d 159, 165–166 (1952). But that proof is lacking here.

We hold failure to sustain defendant's objection to exhibits 1 and 2 was reversible error. Our holding finds support in Fowler v. Vermillion, Judge, 167 Iowa 362, 149 N.W. 444 (1914); People v. Roland, 40 A.D.2d 1007, 338 N.Y.S.2d 767 (1972); see generally, Annot., 40 A.L.R.2d 817, 822 (1955).

Reversed.